Parsons, C. J.
The defendant was the drawer of a bill of exchange on Thomas Merrill, Jim., payable to F. G. Robinson Co., or order; and the plaintiff, deriving a title to the bill by the endorsement to him, has sued this action, to recover the contents of the bill against the drawer, the bill having been dishonored.
On the trial on the general issue, the defence set up by the defendant, the drawer, was, that the payees had never assigned the bill to Taber & Son, but had sent it to them endorsed generally, to collect the money for their use; that Taber & Son delivered the bill over, with the special endorsement that no recourse was to be had to them, to the plaintiff, as the agent of the payees, to collect the money *for their use, and to pay [*433 ] it over to them ; the plaintiff not being the factor of the payees, nor having any lien upon the contents of the bill, to satisfy *354 any demand he had against them ; and that, before the commencement of this action, the payees had requested the defendant not to pay the money to the plaintiff. To prove that the plaintiff held the bill merely as the agent of the payees, Taber was offered as a witness, and, although objected to, was admitted a witness; and a verdict was found for the defendant, which must be set aside, if Taber was in law incompetent to be a witness for this purpose.
It tne defence stated was regularly proved, it was without doubt a good defence. The plaintiff had no interest in the bill, and held it merely as agent for the payees, who might at their pleasure annul his agency, and deprive him of all authority to receive the money. The law would have been otherwise, if the plaintiff had held the bill as the factor of the payees, with a lien upon it, to discharge any unsatisfied balance of accounts he had against them; for the payees, his debtors, could not defeat his lien by any countermand of payment given to the drawer.
The next objection is, that the endorsement on the bill having been regularly filled up, directing, a payment to Taber <Sf Son, or their order, and their endorsement making the bill payable to the plaintiff, or order, without having recourse to them, paroi evidence ought not to have been admitted to control or explain the legal effect of these endorsements.
This objection ought not to prevail. Neither a bill of exchange z>n its face, nor the endorsements, are within the statute of frauds, nor are they to be considered as specialties. The objection, therefore, is at common law, and at common law a written simple contract must be explained according to the true construction of the terms of it, and not by paroi evidence, where there are no latent ambiguities; because the written terms of the contract are better evidence of its intent, than any paroi explanation.
[ * 434 ] * But parol evidence may be given to contradict a written simple contract, or to show that the whole of it was not reduced to writing ; but that it was made with certain conditions or limitations, expressly agreed upon, but not contained in the written contract, where the action is between the original parties. Thus it is every day’s practice, notwithstanding a promissory note is expressed to be for value received, to admit the promisor, in an action by the promisee, to prove that there was no consideration.
There are also several cases, in which evidence has been admitted between the parties to the contract, that the written contract did not contain the whole agreement. (4) We are, therefore, satisfied *355 notwithstanding the terms of the endorsement, that it was regulai to prove that the plaintiff, the endorsee, received the bill, not as assignee, but as an agent to collect it for the payees.
The last objection is to the admission of John Taber, one of the house of Taber & Son, as a witness, to control the effect of his endorsement.
This objection must rest either on the interest of the witness, or on some principle of legal policy, by which he is excluded. — As to his interest, if the plaintiff fails in this action, he cannot have recourse to the witness, because his endorsement specially guards against such recourse. If he has any interest, it is that the plaintiff recover, and his testimony, being against the plaintiff, is against his interest. On principles of legal policy, an original party to an usurious or gaming negotiable security, which is void in the hands of an innocent purchaser, shall not be a witness against such purchaser, because his testimony is to establish the original fraud, by enabling a fraudulent party to raise money on such security, and afterwards to protect him from any liability on his endorsement. (5) But a party to such security, when disinterested, may be a witness to prove any subsequent facts, which admit the legality of the in strument in its original form.
This principle does not apply to the competency of Taber * as a witness. He is not produced to impeach [ * 485 ] the bill, but to prove that his endorsement, although not limited in terms as to its use, was in fact made for the use of the payees, and as such was received by the plaintiff. Notwithstanding Taber & Son held the bill in trust for the payees, yet if the plaintiff had purchased the bill when ignorant of this trust, he would be entitled to recover the contents, and the payees must suffer for their misplaced confidence in Taber & Son; but when the plaintiff knew of this trust, and received the bill under it, to collect the contents for the payees as their agent, there can be no doubt but that this trust and agency may be proved, to defeat his action founded on injustice, and calculated to defraud the payees.
As we are satisfied that Taber was properly admitted a witness, judgment must be rendered on the verdict.

 Vide 8 D. & E. 379. — Rex vs. Inhabitants of Laindon, Peake's Cases, 40. — Phethen vs. Whitman, 1 Strange, 674. — Jeffries vs. Austin, Gilb.Rep. 154. — Brown vs. Marsh, Peake's Law of Evidence, c. 2, § 5.

 [Vide, post, Widgery vs. Munroe, 449. — Jones vs. Coolidge, 7 Mass. Rep. 199.— Fox vs. Whitney, 16 Mass. Rep. 118. — Packard vs. Richardson, 17 Mass. Rep. 127. — Hartford Bank vs Barry, 17 Mass. Rep. 94. — But the rule laid down in the text, and in the foregoing cases, was taken from an English case, which has long since been overruled, and, seemingly, for good reasons. See notes to Manning vs. Wheatland, 10 Mass. Rep. 502, and Fox vs. Whitney, ubi sup. — Ed.]