Mr. Justice Gantt
delivered the opinion of the Court.
This was an action of assumpsit on a note of hand, for 132 dollars 29 cents,, by the endorsee against the endorser. The note was given by one James Bairfield, on the 9th March, 1812, to the defendant, Davidson, and payable three days afterdate. Xtwras endorsed by Davidson to the plaintiff on the 15th of April, 1813; a period of twelve months and upwards having elapsed after the same became due, before the note was endorsed. Plea, general issue. The report states, that the writ in the present action was issued 9th March, 1816^ and that evidence was given by the plaintiff} that a previous action had been instituted on this note, and in which the defendant had been served with a copy on the 11th March, 1814. What became, of this first action, does not appear by the report.
Two prominent grounds of defence were gone into upon this occasion by the defendants :
1st. Laches, on the part of the endorsee.
2d. A special agreement between the endorser and endorsee, in regard to this transfer, whereby the latter specially undertook and agreed to sue the drawer, and proceed against him to insolvency, before he was to have recourse to the endorser ; and that in the event of the drawer’s in *34 solvency, that the endorsee should not call upon the endorser for ^payment until the expiration of 3 years next succeeding the proof of insolvency.
To a due understanding of the merits of this case, it becomes essential to state some of the testimony.
On the part of the plaintiff, the endorsement was duly proved. In regard to diligence, he proved that he gave the note to one Henry Rugely, to demand payment of Bairfield ; that the said Henry Rugely inquired, on the road, for Bairfield, in the month of June, 1813, and was informed by a person, whom he had never seen before or since, that Bairfield was not at home, and that if his object was to demand payment, it was useless; that in January he was there again, and was informed that Bairfield had left the parish in which he had resided, and had gone to another parish, between Beaufort and Charleston; that he went to this parish, and could hear nothing of him: that on his first going down, he was within three miles of his residence, but he did not leave the main road.
This was the purport of the plaintiff’s testimony.
At this stage of the cause, the defendant, by his counsel; moved for a nonsuit, on the ground that no demand on the drawer had been proved; which motion the presiding Judge over-ruled.
The defendant offered the following proofs:
1st. The testimony of Samuel King, who de *35 posed that he, the witness, resided in St. John’s parish the two years preceding the endorsement of the note; that he kn.ows James B airfield, and has been acquainted with him for 10 or 12 years back; that he has lived near him for two or three years, and did so about the time of the endorsement; that in 1813 Bairfield lived in St. John’s parish, and had been resident there for three or four years before that time; that he removed to the southward, and, as the witness believed, to Colleton, near Jacksonborough; that, when he left the neighbourhood of the witness, he possessed 4 negroes, and sold a tract of land for 500 dollars, and received in payment part cash; that he owned other property, such as furniture, and a small stock; that he was a surveyor, and was making money'; that he stood well in his neighbourhood, and that he was not considered insolvent — the witness never heard that he was, nor did he believe it.
Thomas Allison also deposed to circumstances in regard to the situation, and apparent circumstances ofjBairfield, at the time the note was given by him to Davidson, he having been present on the occasion; and his evidence favoured the presumption of Bairfield's solvency at that time, as he appeared to him to be well settled, lived well, and, to use his expression, appeared like a man with considerable money.
There was some testimony, but not. conclusive, that the negroes in Bairfield's possession were *36 settled on his wife, and there was an ineffectual attempt to prove that he was insolvent.
The defendant then proved, very clearly a ^ . ir J J contract and agreement between the plaintiff and himself, as respected the transfer of this note, and whereby it appeared that the terms of it were, that the plaintiff was to use his best endeavours by law, and otherwise, to recover the amount of the note from Bairfield, and on failure, was to wait three years before he was to resort to the defendant for payment, as endorser; and that on the defendant asking the plaintiff why he did not perform his contract, he replied, that the defendant was nearer to him than Bairfield.
This latter testimony, although gone into, was aftérwards withdrawn from the Jury by the presiding Judge, as having been improperly admitted; and who, in charging the Jury, stated, that the defendant’s undertaking was a security to pay, in default of the maker to pay on demand. That it was necessary the plaintiff should have proved a demand on the maker of the note, unless it be proved he had. made a diligent endeavour to do so, and had failed.' That the law does not require every possible endeavour, but only an endeavour that, in ordinary cases, would be effectual. That the note having been indorsed after due, there was no necessity that the plaintiff should have made a demand within any particular time before action brought, and have given notice of non-payment to defendant, unless *37 it be proved by defendant that he had suffered an actual loss by the delay; and that the verbal agreement between the plaintiff and defendant, in regard to the endorsement, and the course to • be pursued by the plaintiff in virtue of it, as agreed on, was not to be regarded by the Jury as evidence, the same having been improperly admitted.
I must here supply an omission of a circumstance, which ought to have been before stated, and which seems to me to. have a bearing on the merits of the defence set up by the defendant. A note was adduced in evidence, given by the plaintiff to the defendant for $15, wherein it was stated that it was “ to be paid out of Bairfield's note, if recovered, and if not recovered, to be deducted from Bairfield’s note.” This paper was dated 15th April, 1813; the same day the note was endorsed from defendant to plaintiff
The Jury found a verdict for the plaintiff for the amount of note and interest, after deducting the $15 note.
. The defendant has appealed for a new trial, on the following grounds :
1st. Because the presiding Judge misdirected the Jury, in stating to them that none of the doctrines of the law in relation to diligence on the part of the endorsee, and reasonable notice to the endorser, were applicable to this case, as the note was endorsed after it was due.
2d. Because it was not proven that the plain *38 tiff ever made a demand of the maker of the note, or that he could not be found. '
3d. Because it was not proven that the maker of the note was insolvent at the time of the endorsement, nor at any other time, but strong proof of the contrary.
4th. Because parol evidence was admitted, to prove a report of a marriage settlement, as evidence of the insolvency of the maker of the note.
5th. Because the Court directed the Jury to find for the plaintiff even if they should think, that the insolvency of the maker had not been proved.
6th. Because the presiding Judge refused to receive parol evidence of the contract of endorsement,' to show it to be different from- the legal import of the written endorsement, and which evidence was not repugnant thereto.
7th. Because, the verdict was contrary to law and evidence.
It will be unnecessary to go into a minute consideration of the respective grounds taken in this case. The charge of the Judge does not appear to me to warrant some of the positions taken to the latitude expressed, particularly the first. The presiding Judge did seem to think that it was incumbent on the holder of the note to use something like. diligence, dispensing, however, with the necessity of a demand, where ordinary diligence had been observed, to find the party in order to its being made.
The law unquestionably does make a differ *39 ence, and a great one, between a note endorsed before due and after, as regards the requisites to be observed by the holder.
In the first case it is to be observed, that the ■ paper having lost none of its commercial importance, it is essential that there should be a due observance of all those rules which usage has given rise to. Before the period for payment has arrived, the presumption is that punctuality (which is the life of trade) will be observed. In proportion as the paper is transferred from hand to hand, it acquires additional strength and vigour ; the last holder having a security for his debt commensurate to the property of the drawer and respective endorsers, each being made liable by law for the payment of the money, in the event of non-payment at the time the note becomes due. To the success of commerce punctuality becomes indispensable; its enter-, prizing and active spirit ill brooks everything like disappointment or negligence. If a failure ■happens, therefore, in the payment of the note at the time appointed, the law, which is 'bottoméd upon established usage, requires that due notice be given to those who are rendered responsible by this event, in order that they may be on the alert, and enabled to obtain, by vigorous exertion, the means of.rendering themselves secure,, by resorting as early as possible to the proper methods of obtaining payment, of the debt from the drawer. But when a note is endorsed after *40 due, the transaction assumes a different aspeef. It is no longer a case within the custom and usage of trade; the expectation of punctuality of pay- ' merit from the drawer has vanished, and the holder, in ordinary transactions of, this kind, looks rather to the person with whom he has contracted, than the drawer, for indemnity. Still, however, it is the subject matter of transfer; the property of negotiability still belongs to it; but when negotiated, it is accompanied with qualifications entirely distinct from those which attended on it in its commercial career. In this degraded state of its existence, like every other commodity deteriorated in value, the parties may enter into specific stipulations respectingits true quality, and those stipulations and agreements become the law by which the case is afterwards to be expounded. This is a governing principle in all cases where a note has been endorsed after dué. In such cases, the maker of the note, in an action brought by an endorsee, will be admitted to go into the consideration of the note, and he may impeach it. See the case of Banks and Col-well, (3 Term Rep. 81.) The rule is a general one that hte may do so. (Kid, 284.) Now, if in a cáse'where,there is no privity of contract, (and none such exists between the endorsee and maker,) the latter may. impeach the consideration, and is allowed by law to go into all the equitable circumstances of the case in. his defence*' Surely the rule will apply with redoubled force where *41 a privity of contract does exist.. Between such a party, defendant is permitted, under the general issue, to give in evidence either the want of consideration, or the non-performance by the plaintiff of a condition, precedent, &c. So, also, he may show that at the time of the commencement of the action, the plaintiff had no subsisting cause of action, or that there is an excuse for the nonperformance of it. (1 Chitty, 470, 472.)
In short, a note endorsed after due, will let the defendant into the same, and every kind of defence that might be set up in an action on a note not negotiable in its nature; and for this obvious and plain reason, that the note having been dishonoured, it is no longer considered in the light of a commercial paper, answering the purposes of trade, nor will the law fortify and strengthen the claim of the endorsee, in such case, on the basis of its being a negotiable instrument, or allow him to claim in opposition to the true merits of the case. The case before us is a contest between the immediate parties to the contract of transfer; no third person is any way concerned in it, and it is most evident to my mind, that in every case of this kind the circumstances of the transaction are admissible in evidence. This position is, I think, sufficiently recognised in the case of Pearson vs. Pearson, (7 Johnson's Rep. 26,) where it is said, “ Between the immediate parties to a negotiable instrument, or to the transfer of such instrument, it is competent for the *42 defendant, notwithstanding the words valué received, to prove that no consideration had in fact passed from the plaintiff And in the Case of Barker vs. Prentiss, (6 Mass. Rep. 430,) it is said * parol evidence is admissible to connect some trust Or Condition to a bill or note, not appearing on the face of the instrument. This latter position is strictly and justly applicable to the case of a transfer of a note after due, and enables the endorser, in my Opinion, to show what the trusts arid conditions were Upon which the transaction was bottomed. Then how stands the Case ? the plaintiff received this note undera special agree* ment on his part to Use all due diligence in getting the money from Bairfield. He obliged him* self to sue the drawer to insolvency, and was not to resort to the endorser for three ye ays after that event. Now so far from having observed his contract, he has been guilty of the most pal-* pable negligence. The evidence furnishes a strong ground of belief that Bairfidd was perfectly able to have paid the debt at and after the endorsement, .The agent of the plaintiff who was within three miles of him, did not even call on hiifo and it is evident that there was no time before the suit that Bairfidd could not have been found. Independently of all this evidence, the %15 note carries along with it the most direct inference that the plaintiff was to look to Bairfield, and not to the endorser, for this debt, and that the endorser was not to be liable but in case of *43 Bairfield's insolvency. Shall it be competent for the plaintiff, under such circumstances, to enforce a payment from the defendant, in direct contravention of the contract and agreement between them ? I think not — whatever may be the law in respect to diligence in cases on notes endorsed after due, it is still permissible and competent for the parties to legislate for themselves by special contract, what degree of it shall be observed. They have done so in the present case, and as the plaintiffhas not fulfilled the contract on his part, the defendant was not bound for the payment of the money. The evidence of this special transfer ought not to have been rejected ; it was .proper testimony for the consideration of a Jury. If there had been no express agreement in the case, I should still have thoüght that the very gross negligence of the plaintiff in making no attempt to get the money pf Bairfield, would have left a very questionable case as to his right of calling on the endorser in the event of Bairfield's failure, after so long a possession of the note by plaintiff. On this, however, no opinion is advanced.
Upon the whole, I think, the defendant is most evidently entitled to a new trial.