## BANKS vs. EASTIN.

APPEAL from the court of the first district.

East'n. District
*Jan'y.* 1825.

BANKS
*vs.*
EASTIN.

PORTER, J. delivered the opinionof the court. This is an action by the endorsee of a promissory note against the maker. The petition states that the instrument sued on was endorsed to the plaintiff, and that the defendant is indebted to him in the sum therein expressed. The answer denies that the petitioner has any interest whatever in the note, and on the trial the defendant proved that it did not belong to the former, but had been placed in his hands for collection. On this evidence, the judge nonsuited the plaintiff, and he appealed.

If the note be regularly endorsed, the defendant cannot put the plaintiff on the proof of his right to it.

Unless there is an allegation that the plaintiff did not come to it *bona fide.*

An endorsement in blank, makes the note payable to bearer.

The evidence given as to the want of interest in the plaintiff, was excepted to; and the question is therefore presented, whether on a simple allegation in the answer, that the plaintiff is not the owner of the instrument sued on, such enquiries can be gone into? The blank endorsement makes a bill transferable by the endorsee, and every subsequent holder, by mere delivery, and so long as the endorsement continues in blank, it makes the bill or note payable to bearer. It appears to us, therefore, that whether the plaintiff was owner of the note

sued on, or not, was a question with which the defendant had nothing to do; for by virtue of the blank endorsement, the holder was entitled to recover from the defendant, if not as real owner, at least as trustee for the person having the real interest. There are exceptions to the general rule, where the defendant has equitable grounds of defence, of which he apprehends an attempt is made to deprive him, by an assignment which is not *bona fide;* or when the note has been lost, and the plaintiff cannot account how he came by it. But when no such allegations are made, the holder of the note is entitled to recover, and a judgment in his favor will form *res judicata* against any other person claiming an interest in the bill: for the endorsement in blank makes the note payable to bearer: *Chitty on bills, ed.* 1821, 89, 170, 171, 175. *Douglass,* 611, 612, 6 *Mass.* 430, 11 *John.* 53, 9 *Mass.* 426, 2 *Philip. ev.* 16.

We therefore think, that on the pleadings in this case, the judge erred in receiving evidence that the plaintiff was not the owner of the note, and there appearing evidence sufficient to establish that the defendant made the note, and that the payee endorsed it.

It is ordered, adjudged and decreed,

that the judgment of the district court be annulled, avoided and reversed—and it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendant the sum of seven hundred dollars with interest from judicial demand, and costs in both courts.

*Smith* for the plaintiff, *Pierce* for the defendant.