## CUNNINGHAM *vs.* WARDWELL.

A bill of exchange, drawn by one upon *himself*, is to be regarded as an *accepted bill*.

Parol evidence, that a bill of exchange, absolute in its terms, was to be payable on a contingency, is inadmissible, in an action on such bill.

As where A. sold a cargo of lumber to B. taking his bill for the amount, payable unconditionally at the port of discharge. In an action on the bill, evidence offered by B. that about ten days before the drawing of the bill, A. agreed to sell him a cargo of lumber for shipment, and *to take the sea risk upon himself*, was held to be inadmissible.

*Assumpsit*, upon the following bill of exchange, *viz :*

" *Calais, July* 31, 1830. At sight, this my first bill of ex-
" change, the second of the same tenor and date unpaid, pay to
" the order of *John Cunningham*, $649,95, being for and on
" account of the cargo of lumber furnished the schooner *Sophro-*
" *nia*, on joint account of myself and owners of the said schooner.
                                        " *Eliakim  Wardwell.*"

" To *Capt. Eliakim Wardwell*, master of the schooner *So-*
    " *phronia*, at the port he may discharge his cargo."

The plaintiff proved that the cargo of the *Sophronia* was discharged at *Philadelphia*, except what had been thrown overboard in a gale of wind on the passage out; that the bill declared on was there presented to the defendant by the plaintiff's agent who was a passenger in the vessel, and that the defendant paid a part of it, leaving unpaid, as appeared in the course of the trial, a sum about equal to the price of the lumber thrown overboard.

The defendant offered two depositions which went to prove, that about ten days prior to the date of the bill, the plaintiff sold to the defendant the said cargo of lumber at *Calais*, and agreed to run the sea risk himself; and that a part was lost at sea as aforesaid.

The defendant contended, that the bill was merely an order for payment for the lumber according to what he contended was the original and then subsisting contract of sale; and also, that by the bill, he was liable to pay only for what lumber arrived at the port of discharge. He also moved the Court to instruct the jury, that if they found that at the time of the sailing of said vessel from *Calais*, it was the understanding of the parties, that the price of any part of the cargo which should be lost at sea should go so far towards said bill, they should so deduct it.

But *Parris J.* who tried the cause, instructed the jury, that the bill of exchange was to be considered as evidence of the contract between the parties, of sale and payment for the lumber; and inasmuch as it was in writing, it could not be varied or explained by parol evidence relating to conversation between the parties prior to its execution and delivery; but that the parties might subsequently modify it, and proof of such modification might be made by parol — That, if they were satisfied that it was modified after its execution, by the plaintiff's agreeing to take the sea risk, as the defendant contended; or if at the time the vessel sailed from *Calais*, it was the understanding of the parties, that the price of any part of the cargo lost at sea, should go so far towards said bill, their verdict should be for the defendant; otherwise, as the parties had reduced their contract to writing, their verdict should be for the plaintiff.

The verdict was for the plaintiff. If, in the opinion of the whole Court, he was not entitled to retain it, it was to be set aside and a new trial granted, otherwise judgment was to be rendered thereon.

*Porter*, for the defendant, argued, that from the peculiar phraseology of the bill, the risk of transportation was to be borne by the plaintiff.

The drawing of the bill of exchange was not an abandonment of the original bargain, but should be taken in connection with it. Of itself it is not a contract of sale, because it does not show what lumber was furnished as to kind or quantity. *Descadillas v. Harris*, 8 *Greenl.* 298.

But if it was the evidence of sale, it may be explained by parol, because the whole contract was not reduced to writing. *Barker* v. *Prentiss*, 6 *Mass.* 430; *Springfield Bank* v. *Merrick*, 14 *Mass.* 322; *Jones* v. *Fales*, 4 *Mass.* 245; *Sargent* v. *Southgate*, 6 *Pick.* 312; *Bowers* v. *Hurd*, 10 *Mass.* 430.

The action is against the defendant as acceptor, and acceptance may be modified by parol. *Chitty on Bills*, 199, 200.

If it be said that part payment is evidence of acceptance, the reply is that this also is open to explanation. *Davenport* v. *Mason*, 15 *Mass.* 90; *Storer* v. *Logan*, 9 *Mass.* 55; *Stackpole* v. *Arnold*, 11 *Mass.* 27; *Farley* v. *Thompson*, 15 *Mass.* 18.

The evidence offered was proper to show a failure of consideration. *Sawyer* v. *Cleaveland*, 10 *Mass.* 415; *Williamson* v. *Scott*, 17 *Mass.* 249; *Russel* v. *Degrand*, 15 *Mass.* 35; *Cowdin* v. *Boutelle*, 9 *Mass.* 254; 2 *Wendall*, 431.

*Bridges*, for the plaintiff, cited the following authorities: *Caine* v. *Olds*, 2 *B. & Cres.* 626; *Hunt* v. *Adams*, 6 *Mass.* 519; *Chadwick* v. *Perkins*, 3 *Greenl.* 399; *Small* v. *Quincy*, 4 *Greenl.* 497; *Pickering* v. *Dowson*, 4 *Taunt.* 779; 2 *Stark.* 281; *Stevens* v. *Wilkinson*, 22; *Com. L. Rep.* 88; 1 *Camp.* 40; 3 *Camp.* 38; 2 *Camp.* 246; 7 *East*, 483; *Bailey on Bills*, 346; 2 *Stark. Rep.* 175.

Cunningham *v.* Wardwell.

WESTON C. J. — It is urged by the counsel for the defendant, that this is a bill by him drawn upon himself, but not accepted. No question is raised as to the form of the action, nor does it appear from the case, whether the defendant is charged as drawer or acceptor. The drawer undertakes that the bill shall be accepted. As it was here drawn upon himself, he sustained also the relation of drawee. And if in both capacities, which he assumed upon signing the bill, he undertook that the bill should be accepted and paid, of which the bill itself is evidence, it is accepted. A promise to accept an existing bill, if made upon an executed consideration, or if it influence any person to take or retain the bill, it is as to the person to whom the promise is made in the one case, and as to him whom it influenced in the other, a complete acceptance. *Bayley on Bills,* 103.

The bill sets forth the consideration, upon which it was drawn, namely, for a cargo of lumber furnished for the schooner, *Sophronia,* and it is drawn payable at sight, at her port of discharge. It is drawn to be paid absolutely, upon her arrival at her discharging port, without any other condition or qualification. She did arrive, and was discharged at *Philadelphia;* and there the bill was presented to the defendant and payment demanded. It was then due by the terms of the bill.

But it is contended, that by a previous parol agreement between the parties, the plaintiff assumed the sea risk of the cargo, and that if any portion of it was lost, by reason of that risk, the amount was to be rateably reduced. If evidence to this effect is admissible by way of defence, the verdict rendered for the plaintiff is to be set aside. It introduces a condition, which changes the liability of the defendant upon the bill. The consideration appears on its face. It was for the cargo furnished; and it is not pretended but that the cargo, for which the bill was drawn was delivered. There was no failure then in the consideration. The only question is, what did the defendant promise? The written evidence is, that he promised to pay a fixed sum, upon the arrival of the vessel at her port of discharge. The parol evidence modifies and qualifies it, and renders it contingent, whether that sum was to be paid or not.

In *Barker* v. *Prentiss,* 6 *Mass.* 430, *Parsons C. J.* states the law to be that between the original parties, parol evidence may be received to contradict a written simple contract; and to show that there existed limitations and conditions, not reduced to writing. And in *Hunt* v. *Adams,* in the same volume, 519, the same doctrine is intimated; but with some hesitation. In the same case, 7 *Mass.* 518, *Sewall J.* in delivering the opinion of the court, returns to a sounder and better view of the law of evidence, and recognizes the rule, that parol testimony is not admissible to vary or contradict that which is written, which in its nature is better and more certain. The same principle is confirmed in the leading case of *Stackpole* v. *Arnold,* 11 *Mass.* 27, which has steadily maintained its authority in our practice. It was enforced in the case of *Small et al.* v. *Quincy et al.,* 4 *Greenl.* 497. It would be easy to multiply cases to the same effect, and to repeat the reasons upon which this rule is founded; but we deem it unnecessary. We are of opinion that the bill, upon which this action is brought, cannot be legally varied in its terms by the parol testimony adduced; and that there is no competent evidence of the condition, upon which the defendant relies.

But even if admissible, it was within the power of the parties to substitute one contract for another. Suppose it was agreed by parol, at the time of the sale of the lumber, that the plaintiff would take the sea risk to the port of discharge, they might make a mere contract, or the defendant might waive that condition. The bill itself is evidence of what was last agreed. As it has no such condition, although it might have been expressed in a single line, its omission is evidence, that it was no longer insisted upon.

*Judgment on the verdict.*