### CANIFAX v. CHAPMAN & WILLS.

1. If the jury, in the trial of the right of property at the instance of the constable, find a verdict, the authority of the constable, in relation to the trial of the right of property, is at an end ; and a subsequent finding by a jury, in another trial, contrary to the first finding, is no indemnity to the constable.
2. In trespass all are principals, and those who direct a trespass, or assent to a trespass for their benefit after it is done, are equally liable with those who actually commit it.

Appeal from the Circuit Court of Green County.

*Phelps for Appellant.*

The court erred in giving the instruction :

1st. Because the plaintiff had proved himself the owner of the property ; that Wills took, and by the command of Chapman, sold it. Chapman commanded the trespass to be done, and therefore is liable, whether he bought the property or not. 1 Ch. Pl. 181.

2d. The trial of the right of property the two last times was illegal. A verdict between the parties is conclusive as to that matter. Phil. Ev. 123 ; ibid 236 ; Felter v. Millmer, 2d J. R. 181. In the case cited from Johnston, there was a verdict for defendant, but no judgment. In another suit between the same parties for the same cause of action, this verdict was held to be a bar.

3d. Admitting the last trial to have been proper, still it was no justification to the defendant Chapman.   The trial of the right of property by a constable, is a creature of the statute, the verdict can justify the officer only, and not the plaintiff in the execution.   Little v. Seymour, 6 M. R. 166.

### Winston for Appellees.

1st. Whether Chapman's leaving the property mortgaged in the hands of the mortgagor, did not render the mortgage fraudulent and void against creditors?

2d. Could there be two trials of the right of property between the same parties?

3d. Did the court err in giving the instruction?

### Opinion of the Court by Scott, Judge.

Canifax sued Chapman and Wills in trespass for taking and converting his goods, plea not guilty, and verdict and judgment for the defendants.   Wills was constable and had an execution against one Smith, in favor of Chapman, who directed him to levy on the goods in the declaration mentioned. Upon a claim being interposed by Canifax to the goods, the constable summoned a jury to try the right of property to the goods between Smith and Canifax, and the jury found the goods to be the property of Canifax.   The right of property to the goods was again tried, and a like verdict was rendered; there was a third trial, and the jury found the right of property to the goods in Smith.   On the trial the court instructed the jury that unless they believed the defendant Chapman purchased the property sold by the defendant Wills, or some part of it, they must find for the defendants.   This instruction was excepted to, and the giving it is the error assigned.   After the constable had once obtained a verdict in a trial of the right of property to the goods, his authority in relation to the trial of the right of property, was *functus officio*, and a subsequent finding by the jury that the property was Smiths, contrary to the first finding, was no indemnity to him.   In trespass all are prin-

*If the jury, in the trial of the right of property at the instance of the constable, find a verdict, the authority of the constable, in relation to the trial of the right property, is at an end; and a subsequent finding by a jury, in another trial, contrary to the first finding, is no indemnity to the constable.*

cipals, and those who direct a trespass, or assent to a tres- pass for their benefit after it is done, are equally liable to the action with those who actually commit it. The instruc-tion was clearly wrong.

Let the judgment be reversed.

In trespass all are principals, and those who direct a trespass, or assent to a tres‐ pass for their benefit after it is done, are equally liable with those who actually com‐ mit it.