No. 2,389.

THE PEOPLE OF THE STATE OF CALIFORNIA, Rᴇsᴘᴏɴᴅᴇɴᴛs,
*v.* JOHN K. BEST, Aᴘᴘᴇʟʟᴀɴᴛ.

Eʀʀᴏʀ.—Where error is alleged it must be affirmatively shown by the party alleging it.

Iɴsᴛʀᴜᴄᴛɪᴏɴs ᴛᴏ Jᴜʀʏ.—An instruction which is sound as a proposition of law, but which has no application to the facts of the case, should be refused by the Court.

Iᴅᴇᴍ.—Where the evidence to which the instruction relates does not appear in the record, the presumption will be in favor of the action of the Court below.

Iᴅᴇᴍ.—An instruction which is vague and unintelligible should be refused by the Court.

Iᴅᴇᴍ.—Iɴsᴀɴɪᴛʏ.—An instruction to the effect that if the jury find that defendant was insane at the time of the alleged shooting, they should declare the defendant not guilty, without regard to the degree of insanity, is too broad, and is not law.

Aᴘᴘᴇᴀʟ from the District Court of the Fifth District, San Joaquin County.

Defendant was convicted of murder in the first degree, and a new trial being denied, he appealed to this Court.

The first and third assignment of error are as follows:

"*First*—The Court erred in refusing the defendant a new

trial on the ground that it had misdirected the jury in matter of law."

*Third*—The Court erred in refusing to give the following instruction, asked by defendant : "If the jury find that there was not such a motive as would not influence a man free from irresistible passion or insanity from committing such an act, you would not be warranted in finding him (defendant) guilty of murder, but manslaughter, if under the influence of passion—or not guilty, if insane."

The other facts are stated in the opinion.

*Geo. Venable Smith*, for Appellant.

*Jo Hamilton*, Attorney General, for Respondents.

SPRAGUE, J., delivered the opinion of the Court :

No part of the evidence given on the trial is brought up with the record.

The only errors assigned upon the record or now argued by appellant are the refusals of the Court to give certain instructions asked for by the defendant.

Without the evidence before us it is impossible for this Court to determine whether the refusal of the Court below to give the instruction asked was or was not error. When error is alleged, it must be affirmatively shown by the party alleging it. An instruction may be sound as an abstract proposition of law, yet have no application to the facts of the case, as disclosed by the evidence. In such case the Court may, and properly should refuse the instruction. No instruction should ever be given unless there is some evidence before the jury to which it is applicable upon some rational theory of the case logically deducible from such evidence. (*People* v. *Mc-Cauley*, 1 Cal. 385; *People* v. *Roberts*, 6 *Id.* 217; *People* v. *Arnold*, 15 *Id.* 482; *People* v. *Sanchez*, 24 *Id.* 28; *People* v. *King*, 27 *Id.* 514; *People* v. *Byrnes*, 30 *Id.* 207; *People* v. *Williams*, 32 *Id.* 284.)

The first assignment of error is too general and indefinite to require notice, as it does not specify any particular wherein the Court misdirected the jury in matter of law.

The second error assigned and now urged is the refusal of the Court to give an instruction asked by defendant, as follows : ''The character of the weapon used is not evidence of deliberation if you find that, it being near at hand, he snatched it up at the instant of the act.'' The evidence may possibly have been of a character to justify its refusal. As the evidence is not before us, we are unable to determine the question, and must presume in favor of the action of the Court below. Error cannot be presumed, but must be affirmatively shown.

The third error assigned and now urged, is the refusal of the Court to give an instruction asked, which, as it appears in the transcript and in appellant's brief, is so vague and unintelligible as to justify its refusal under any conceivable state of facts, but by omitting the word *not* between the words *would* and *influence*, in the second line, the instruction would then be intelligible but unsound as an abstract proposition of law, as it in effect would instruct the jury that, unless the evidence disclosed a rational motive on the part of defendant for the commission of the homicide, they must find him not guilty.

The fourth and last error assigned and now urged is the refusal of the Court to give the following instruction : ''If the jury find that the defendant was insane at the time of the alleged shooting of Flynn, you will declare the defendant not guilty (without regard to the degree of insanity.)'' Assuming that there was evidence in the case, to which this instruction could be applied ; as stated, it is too broad, and cannot be sustained as a proposition of law. (See *People* v. *Coffman*, 24 Cal. 234.)

We are unable to discover any error from the record. The judgment and order denying a new trial must therefore be affirmed.

So ordered