[No. 2,542.]

## THOMAS W. MOORE v. PETER MASSINI.

ERROR TO BE POINTED OUT.—Error will not be presumed; but the presumption is that the proceedings below were correct, so far as such presumption is not overcome by the record.

INJUNCTION TO RESTRAIN TRESPASS.—In an action for damages and to enjoin future trespasses upon land, the Court, in granting the injunction, should not extend it to land not owned by the plaintiff, although included in the description given in the complaint.

APPEAL from the District Court of the First Judicial District, Santa Barbara County.

The facts are stated in the opinion, and in the report of the case on the former appeal, 37 Cal. 432.

*Albert Packard* and *W. H. L. Barnes*, for Appellant.

*J. P. Hoge* and *John Reynolds*, for Respondent.

By the Court, WALLACE, C. J.:

The case was here in 1869, and is reported in 37 Cal. R. 432. It was then determined that the confirmation and patent to Hill were bounded on the south by the seashore— that is, by the line of high water—notwithstanding the calls and distances contained in the patent include portions of the sea. The judgment was then reversed and the cause remanded for a new trial, and the plaintiff having again recovered, the appeal now brought here is from the judgment alone, and rests upon the judgment roll containing the findings of fact, no statement upon appeal being found in the record. The only question made is as to whether or not on the second trial the Court below observed the distinction between land above and land below high-water mark upon the southern boundary of the rancho.

The Court found that the patent, according to the lines of the survey, by course and distance, included all that tract of land described in the complaint, to wit, bounded and described as follows: " Commencing at the southeasterly corner of the rancho called 'La Goleta;' thence running along the eastern boundary line of the said rancho to the tract of land occupied by A. C. Scull, and the line of the tract occupied by Samuel Sharp, and along the bed of a creek to the eastern line of the tract now owned and occupied by the plaintiff; thence along the line of the last before mentioned tract of land southwardly, westwardly, and northwardly, to the bed of the creek; thence following the course of the bed of said creek to the Pacific Ocean and the front line of the survey of said rancho (being the low-water mark); thence along the said front boundary line of said rancho to the place of beginning." ·

The Court further found "that said patent recites that said confirmation was to a tract of land bounded on the south by the seashore; but the survey, as made and approved,

and upon which said patent is based, according to the courses and distances thereof, notwithstanding such recital, includes the land lying between the present line of ordinary high and low water;" and further, "that there are upon the premises described in the complaint large banks or veins of asphaltum, commencing in the bank many feet above the beach and the highest flow of the tides, and extending out in spurs connecting with the banks beyond the line of ordinary low water, and rising above the flow of the tides, and which are very hard and can only be removed by quarrying the same." Further, that in 1858 and 1859 Hill, the grantor of the plaintiff, gave a verbal license to the defendant Pierce "to take from said veins asphaltum for the sum of one dollar per ton," etc.; that Pierce and the other defendants under him took out asphaltum under this license until 1860, when Hill terminated it and gave it to other parties, who took asphaltum by Hill's permission until 1861; but the defendants also continued to take out and remove asphaltum from said veins from July 1st, 1861, to May, 1864, against the will and without the consent of Hill; that the quantity of asphaltum thus taken by defendants was one thousand nine hundred and sixteen and seventeen one-hundredths tons, of the value of four dollars per ton; that in November, 1864, Hill conveyed the premises to the plaintiff, with all claim for damages sustained by the taking of the asphaltum, etc. Judgment was thereupon rendered in favor of the plaintiff for seven thousand six hundred and sixty-five dollars and costs.

1. The rule is familiar that a party complaining of alleged error committed to his injury must point it out—error will will not be intended, but the presumption indulged is that the proceedings below were correct so far as such presumption is not overcome by the record. If the plaintiff was permitted to give evidence of the taking of the asphaltum by the defendants at points below the line of high-water

mark on the southerly side of the rancho; and if the value of such asphaltum taken from such points formed an element in the judgment rendered, it was error. But we cannot discover from the record here that such was the case. It is true that the Court finds as a fact that the survey upon which the patent is based includes, according to its courses and distances, land lying between high and low-water mark; that the courses and distances of the survey do pass beyond that line and into the ocean is a fact admitted in the case and one upon which our former judgment proceeded. But the finding of this fact is not inconsistent with the proposition that the asphaltum for the taking of which the plaintiff recovered was taken upon or to the northward of the line of high water forming the true southern boundary of the rancho, and we must, under the rule adverted to, presume that such was the case.

2. But besides the judgment rendered for the damages a final decree was entered enjoining the defendants from trespassing upon the premises described in the complaint, and referring to the complaint alone for a description of the premises included in the decree. The description as found in the complaint follows the line of low-water mark. The injunction thus following that line is in that particular clearly erroneous. The judgment in that respect is therefore reversed and the cause remanded with directions to modify it so as to exclude from the injunction these lands below high-water mark; in all other respects the judgment is affirmed, the appellants to recover the costs of the appeal.