J. H. DOWELL *et al.*, Respondents, *v.* PHILIP C. TAYLOR *et al.*, Appellants.

June 6, 1876.

1. Where a lot of bagging in a warehouse was purchased, paid for, set apart to the purchaser, and marked with his name, the transfer of ownership was complete, notwithstanding a refusal by the vendor's clerk to allow a removal from the warehouse until the return of his absent employer—especially when it appears to have been a constant practice of the vendor to keep bagging on storage, for purchasers, after having sold it to them.

2. Under such circumstances a replevin suit by the purchaser is no evidence to disprove his possession and ownership, in favor of a seizure under replevin by a third party against the vendor. The purchaser's possession and ownership may be complete, as against a stranger, although a subject of controversy between him and his vendor.

3. The statutory bond in a replevin proceeding is no protection to the officer against the claims of persons having no interest in the controversy. The officer seizing the property of a stranger, and delivering it to the plaintiff, does so at his peril.

4. The plaintiff in a replevin suit is jointly liable with the officer for a trespass committed in executing the process.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

*M. B. Jonas,* for appellants, cited : Coleman *v.* Roberts, 1 Mo. 68, 97 ; Lungstrass *v.* German Ins. Co., 48 Mo. 201 ; Nesbit *v.* Drew, 17 Ala. 379 ; Strong *et al. v.* Gregory, 19

Ala. 146; Hamner, Admr., v. Smith, 22 Ala. 433; Stimpson v. Reynolds, 14 Barb. 506; Shipman v. Clark, 4 Denio, 446; Crocker on Sheriffs (2d ed.), ch. 43, pp. 382, 865; 1 Greenl. on Ev. (9th ed.), 247, 248, 171, 172, and authorities cited in note 1; 1 Wag. Stat., ch. 35, art. 2, p. 281, par. 10; Claflin et al. v. Rosenberg, 42 Mo. 439; Lesem et al. v. Hereford et al., 44 Mo. 323; 1 Pars. on Con. 6; Wag. Stat. 1024, sec. 4; Andrews v. Lynch, 27 Mo. 167; Syme v. Steamboat Indiana, 28 Mo. 335; Ivory v. Carlin, 30 Mo. 143.

*Farish & Griffin*, for appellants.

*Given Campbell*, for respondents, cited: Bradley v. Holloway, 28 Mo. 150; The State v. Moore, 19 Mo. 369, and 21 Mo. 163; The State v. Shacklett, 37 Mo. 285; Commonwealth v. Stockton, 5 Mon. 193; Cammack v. Commonwealth, 5 Binn. 184; Stimpson v. Reynolds, 14 Barb. 508; Dameron v. Williams, 7 Mo. 141; Canfax v. Chapman, 7 Mo. 173; Perrin v. Claflin, 11 Mo. 15; Page v. Freeman, 17 Mo. 42; Allreed v. Bray, 41 Mo. 484; McManus v. Lee, 43 Mo. 206; Murphy v. Wilson, 44 Mo. 313.

LEWIS, J., delivered the opinion of the court.

This is an action of trespass for the taking of 111 half-rolls of jute bagging, by defendant Taylor, as sheriff, and defendant Scherck, as plaintiff in a replevin proceeding against George R. Robinson & Co. Plaintiffs obtained judgment in the Circuit Court for $721.50, from which the defendants appealed.

It appears that, on November 5, 1874, plaintiffs purchased from Robinson & Co., and paid for at the time, 200 half-rolls of bagging, part of which they hauled away, so that, on November 11th, there remained in Robinson & Co.'s warehouse 111 half-rolls of the lot. On that day plaintiff Dowell, with his clerk, went to the warehouse, and with the consent and coöperation of the agent in charge, and the warehouse porter, under his direction, set apart 111 half-rolls as the remainder of plaintiffs' purchase, and marked

them with tags bearing the plaintiffs' name. It was then declared that these were the plaintiffs' property, and that, if a loss by fire should occur, indemnity must be looked for under the plaintiffs' insurance policy. The agent, however, objected to plaintiffs' removing the bagging from the warehouse until after Mr. Robinson's return from a trip to Kentucky. This, he said, was in accordance with his instructions, and because he did not wish Mr. Robinson to find, on his return, so little left in store. On the same day, at a later hour, the defendant Scherck, holding a warehouse receipt of Robinson & Co. for 120 half-rolls of bagging not hitherto set apart or identified, and having instituted a replevin suit therefor against Robinson & Co., and given bond in due form, directed the sheriff, defendant Taylor, to seize the same lot which had been set apart to plaintiffs. The sheriff was about to do so when, upon the representations of Dowell and others, he became satisfied that the bagging was not then in the possession of Robinson & Co., against whom the order of delivery was directed, but was in the actual possession of Dowell & Co. He thereupon declined to execute the order. On the following day the plaintiffs, Dowell & Co., instituted a replevin suit against Robinson & Co., to obtain possession of their bagging, which was represented by their affidavit, in due form, to be in Robinson & Co.'s possession. The sheriff, finding in this affidavit a contradiction of the plaintiffs' previous representations, and a sufficient showing that the property was really held by Robinson & Co., considered it his duty to execute upon it the first order of delivery, being that in favor of defendant Scherck. He therefore seized the bagging, and delivered it to his co-defendant in this suit—plaintiffs, in the meantime, asserting their title, and protesting against the act in every form of notice, which the occasion required.

The cause was tried before the court, sitting as a jury. Declarations of law, given for the plaintiffs, were to the

general effect that if the plaintiffs had purchased the bagging, and had it set apart and delivered to them, and if, while it was in their possession, or in that of their bailees, the defendants deprived them of their said property, under a writ of replevin against Robinson & Co., the one acting as sheriff and the other as plaintiff in such writ, directing and assisting the execution thereof, and the defendants, upon plaintiffs' demand, refused to restore said property, then the plaintiffs were entitled to recover. Defendants asked for thirteen instructions, variously amplified, which were refused. That they were properly refused would result from an application of the reasoning which here follows :

1 Was there a complete delivery of the bagging to plaintiffs, so that they were invested with absolute ownership at the time of the seizure? Defendants insist that there was not, because the agent of Robinson & Co., when the rolls were set apart and marked, required that they should remain in the warehouse until Mr. Robinson's return to the city But the evidence clearly shows that this was by no means intended to qualify the transfer of ownership. It said, simply · " Here is the property which you have bought and paid for. It is yours, but will remain on storage, in your name, until the happening of a certain event." The acts of setting apart and marking were manifestly done to consummate the change of ownership. When this intent distinctly appears in such a proceeding, the law holds the delivery to be complete, and the title vested in the new owner. *Cunningham* v. *Ashbrook*, 20 Mo. 558. The evidence tended to show that it was the constant practice of Robinson & Co. to keep bagging on storage, for purchasers, for indefinite periods after their sales.

But the affidavit of plaintiffs, made on the day following this delivery, declared that the bagging was then in Robinson & Co.'s possession. So it might well be, although the ownership was complete in the plaintiffs. As to all

strangers, the possession of Robinson & Co. was the possession of plaintiffs. But, as between themselves, there might still arise a controversy, for whose purposes, only, the possession by Robinson & Co. must be considered in its separate aspect. So in the case of landlord and tenant. The tenant's possession is the landlord's, in all controversies with third parties about titles. Yet it may be necessary for the landlord to aver the tenant's possession as a distinct fact, in order to recover the premises from him. There is no inconsistency here in the plaintiffs claiming, on the one hand, that their bailees were in possession of the property, and, on the other, that the plaintiffs were in possession by their bailees. It thus appears that the sheriff made a serious mistake in assuming that, because the plaintiffs declared, upon Robinson & Co.'s possession, for the purposes of their replevin suit, therefore they could not themselves have any possession as against the rest of the world, including the defendant Scherck.

But a far more important question than that of possession was really present for the sheriff's consideration. This was the question of ownership. Was it supposed that when A sues B in replevin, for a specific chattel, the officer may, with impunity, seize and deliver to A, in defiance of all claims and protests, the property of C, which may happen to be in B's keeping? If such were the law, no personal property would be secure against legalized robbery. The despoiler need only commence a replevin suit, in due form, against some third party having no title, in order to obtain a compulsory delivery to himself of his victim's goods. Our Supreme Court has repeatedly held that, in cases of seizure under *fieri facias*, notwithstanding the statutory forms provided for claims of third parties upon the property when wrongfully taken, the sheriff is liable in trespass to the true owner unless the forms of the statute be fully observed. *Bradley* v. *Holloway*, 28 Mo. 150. How much more clearly does that liability appear in replevin cases, where

the officer's statutory protection operates against none but the parties in litigation? The provision is as follows: "After the due execution of any bond taken in virtue hereof, the parties to the action shall be barred of any right of action against the sheriff, or other officer, for the seizure and delivery of such property." Wag. Stat. 1027, sec. 20. The omission of any provision for protection of the officer against outside claimants leaves the law, in that connection, where it has always been. It would be a wonderful illustration of constitutional guaranties if our law should authorize its officers freely to deprive a man of his property in order to meet the exigencies of a controversy to which he is no party. Every writ in the hands of a sheriff must, so far as the rights of disinterested parties are concerned, be executed at his peril. A person may, by laches, or by estoppel, lose his remedy against an officer who conscientiously discharges his duty in ignorance of any wrong. But when, as in this case, the party injured has given due notice of his rights, and insisted to the last upon having them respected, there can be no shield for the wrongdoer because of his official character.

The liability of the officer as a trespasser being determined, that of his co-defendant, for whose benefit the trespass was committed, and who advised and directed it, necessarily follows. *Perrin* v. *Claflin*, 11 Mo. 15; *Canifax* v. *Chapman*, 7 Mo. 175; *Murphy* v. *Wilson*, 44 Mo. 313. Judge GANTT concurring, the judgment is affirmed; Judge BAKEWELL, of counsel below, not sitting.