WHITING & MARSHALL, Appellants, v. STEEN, Respondent.

No. 7669; April 27, 1883.

New Trial.—All Presumptions are in Favor of an Order grant·ing a new trial.

New Trial.—A Certain Finding by the Court that there was consideration for the note sued upon is no argument against a new trial ordered by the court after one resulting in plaintiff's favor, when the record discloses that the finding on the question of consideration was not sustained by the evidence.

Bills and Notes—Parol Evidence to Explain.—If a note has been given with the understanding that it is to be used in a particular way or with a particular qualification, parol evidence is admissible in an action between the original parties to prove the understanding.

Equity—Interposition to Prevent Fraudulent Use of Instrument.—A court of equity will interfere to prevent the fraudulent use of a paper for a purpose not contemplated by the parties at the time it was executed.

APPEAL from Superior Court, San Francisco.

C. T. Emmett for appellants; C. E. Royce for respondent.

McKEE, J.—Appeal from an order granting a new trial.

All presumptions are in favor of the correctness of the order, and the appellants in error must show, clearly and affirmatively, by the record of the case, that the order is erroneous: Clark v. Sawyer, 48 Cal. 133; Moore v. Massini, 43 Cal. 389; People v. Best, 39 Cal. 690.

It is contended that the order is erroneous, because the court found: "That the promissory note, which constitutes the cause of action, was made and delivered by the defendant in consideration of the adjustment, at the amount in said note set forth, of an open and unliquidated account, then existing between the Glasgow Iron and Metal Importing Company, for whom the payee named in said note was then and there the agent, and the satisfaction of such account by the credit against the same of the said note"; and, being found on that consideration, it was not permissible to prove by parol evidence the defense set up in the answer.

But the record discloses the fact that the finding upon the question of consideration was not sustained by the evidence. There is no conflict in the evidence.

As it appears from the record, the case arises out of an action upon a promissory note for two thousand dollars, which the defendant made upon the 10th of April, 1879, payable one day after date to the order of R. C. Marshall. R. C. Marshall, although the nominal payee, was not the real owner of the note. It was obtained from the defendant for the Glasgow Iron and Metal Importing Company, a concern of which John Marshall, one of the plaintiffs in the case, and the father of R. C. Marshall, was then the sole proprietor. But contemplating making a change in the firm by bringing in a partner, he sent his son from Glasgow, in Scotland, to settle up the past transactions of the concern by collecting the moneys due, or taking promissory notes. The defendant was a party to one of these transactions. He, it appears, had received from the company in December, 1877, a quantity of old machinery, including a steam-engine, which he verbally agreed to repair and sell, in pieces and lots, from time to time, as best he could, until he had realized from the sales and paid from the proceeds the sum of two thousand six hundred dollars; and whatever remained of the machinery or proceeds of sales after the payment of that sum to the company was to be retained by him. Before the date of the note he had made some sales, and had paid to the company six hundred dollars, leaving a balance of two thousand dollars to be realized and paid according to the terms of the agreement between himself and the company.

In that condition of the transaction, the managing agent of the company, acting under instructions from R. C. Marshall, had the bookkeeper of the company prepare the draft of the note in suit, and he took it and presented it to the defendant for his signature. The defendant signed it, with the distinct understanding that it was to be used as a mere memorandum, for the company, of the machinery which he had on hand for disposal according to the terms of the agreement between himself and the company, and of the amount to be paid by him from the proceeds of sales under the agreement; and that it was not to be used to change in any respect the terms of that agreement. "The note was not given to settle the defendant's

account with the company." But when the agent obtained the signature of the defendant to the note upon the understanding and agreement that it was to be used as subsidiary to and for the purposes of the real verbal arrangement between the defendant and the company, instead of informing the company of the understanding, he handed the note to the bookkeeper of the company, who put it on the files with other notes of the company, and credited it on the books of the company to the account of the defendant without any knowledge whatever on the part of the defendant. The note remained in that condition until there was a change in the firm by the admission, on May 1, 1879, of Whitney, one of the plaintiffs, when R. C. Marshall, the nominal payee, indorsed the note to the company. The action must, therefore, be considered as between the Glasgow Iron Metal Importing Company and the defendant— and being between the original parties, the defendant is not subject to the law-merchant governing promissory notes.

Prima facie, however, the note was given upon a good consideration; but parol evidence is always admissible to prove that there was no consideration for a promissory note, or that what purports to be a simple contract was not a contract at all, or that it was only a portion of the real contract between the parties, or that as a contract it was to be used in a particular way, or with a particular qualification. If a contract in form has been made with the understanding that it is to be used in a particular way or with a particular qualification, it would be a fraud to violate the understanding; and parol evidence is admissible in an action, at law or in equity, between the original parties, to prove the understanding.

In Barker v. Prentiss, 6 Mass. 433, the holder of a bill of exchange had brought an action against the drawer, and the defendant pleaded, by way of defense, that the bill had been only indorsed for a special purpose. The court held that parol evidence was admissible to prove the defense. "And," says Parsons, C. J., "where the action is between the original parties, parol evidence may be given to show that the whole of a simple contract was not reduced to writing, but that it was made with certain conditions, or limitations, expressly agreed upon, but not contained in the written contract." So in Develin v. Coleman, 50 N. Y. 531, where promissory notes were indorsed and delivered to be used for a purpose altogether different

from that for which they were afterward used, the court held that the payees acquired no title to them. And in Wright v. McPike, 7 Mo. 175, the doctrine is thus stated: "As between the original parties, if one has procured the signature of the other to a written agreement, whether by fraud or not, which does not contain the contract made by the parties, but a different one, he cannot be permitted to avail himself of that contract, but must stand by the one which was in fact entered into by both."

A court of equity will also interfere to prevent the fraudulent use of a paper for a purpose not contemplated by the parties at the time it was made: Murray v. Dake, 46 Cal. 644; Pierce v. Robinson, 13 Cal. 116. Parol evidence, says the supreme court of Pennsylvania, is admissible to show fraud in the formation of a written instrument, or a fraudulent use of it afterward, whether obtained by fraud or not: Oliver v. Oliver, 4 Rawle (Pa.), 144, 26 Am. Dec. 123; Hultz v. Wright, 16 Serg. & R. (Pa.) 345, 16 Am. Dec. 575.

Whence it results that the court below did not err in admitting parol evidence of the defense in the case; and as the uncontroverted evidence shows that the note was not given in consideration of the settlement of an unsettled account between the parties, nor of any sales made by the defendant under the real contract between them, nor as a substitute for that contract, it follows that the finding of the court as to the consideration of the note was not sustained by the evidence, and the motion for a new trial was properly granted.

Order affirmed.

### CONCURRING OPINION.

There being at least a substantial conflict in the evidence as to the consideration of the instrument sued on, and the court having granted a new trial, we concur in the judgment.

McKinstry, J.<br>Ross, J.