## GODDARD vs. CUTTS. et al.

Where a plaintiff withdrew a suit pending, and wrote a discharge of the notes on which the action was founded on copies thereof; and then a new note was signed and delivered, upon the condition, that, the original notes should be procured and sent to the defendant in two weeks — it was held to be a *condition subsequent*, the non-performance of which, could not be set up as a legal defence, to an action brought on the last note.

Where testimony tending to change the terms of a written contract, has been admitted *without objection*, the Court, on a motion to set aside the verdict as against the weight of evidence, will weigh it according to the rules established by law.

ASSUMPSIT on a promissory note for $151,57, dated *Jan.* 11, 1833. The defence was, that the note was invalid by reason of the failure of a condition upon which alone it was to be binding.

Two witnesses for the defendant, testified, that on the day of the giving of the note, *Gustavus G. Cushman*, the Attorney of the plaintiff, and *Jos. T. Copeland*, an officer, came to *Milo* with two writs against *Cutts*, one of the defendants — that, he heard a conversation between *Cushman* and *Cutts* in relation to the settlement of the demand against *Cutts*, in which it was agreed, that if said *Cutts* would give a note with sureties, payable by the first day of *June* then next, that it should be received in payment of the demands then in suit. That *Cushman* then proceeded to write the note declared on in this action — and that after said note was written, but before it was signed, *Cutts* asked for the original notes, and *Cushman* said he would procure them and send them to him in two weeks. That *Cutts* thereupon declared that he would not sign the notes but upon the condition that the original notes should be procured and sent to him within the time specified, which was agreed to by *Cushman*.

The plaintiff then called *Mr. Cushman*, who testified, that in the early part of *January*, 1833, he received a letter from the plaintiff, enclosing copies of two notes, with instructions to collect the same immediately — that, he proceeded with *Copeland*, the officer, to *Milo*, there he saw *Cutts*, one of the defendants — that being called upon he proposed security, which he, *Cushman*, accepted — that, the note now in suit was written, and after being signed, the defendant asked for the notes for which this had

Goddard v. Cutts et al.

been given — that, he informed him that the original notes were in *Portland*, that, he would write for them, and should probably receive them in ten or twelve days, and that he should have them on calling at his office, in *Dexter*, which *Cutts* agreed to do — that, he thereupon wrote a discharge and receipt of payment of the original notes upon the copies, and the copies were then delivered to *Cutts* ; — and that he told said *Cutts* it would be a discharge of said original notes. That, he communicated his proceedings to the plaintiff, and from him received the original notes, which he has always retained for said *Cutts*.

*Copeland*, on being called, testified in confirmation of *Cushman* as to what took place at *Milo*, at the time of the giving of the note in suit.

The counsel for the defendants requested the Court to instruct the jury that, a failure of the plaintiff to recover in this action, would not deprive him of a right to recover upon the original notes, which instruction was given. If incorrect, then the verdict, which was for the defendants, was to be set aside and a new trial granted, otherwise judgment was to be rendered thereon ; unless the plaintiff's motion should prevail, to set aside the verdict as against the weight of evidence.

*Rogers*, for the plaintiff.

*Allen*, and *T. P. Chandler*, for the defendants.

The instructions of the Judge were substantially, that, if this note should not be recovered, the others might. And these instructions, they insisted were correct. The receipt of the copies was no discharge of the notes. If the originals had fallen into other hands than the plaintiff's, they might have been recovered, notwithstanding the indorsement on the copies. If the new note was given on *a condition*, as the jury have found, then the indorsement on the copies could not be a discharge of the originals, unless there had been a fulfilment of that condition.

The motion to set aside the verdict as against the weight of evidence ought not to prevail. The question addressed itself to the discretion of the Court. The case calling for such an exercise of the power of the Court, should be a strong one — a case where the verdict is manifestly and *palpably* against the weight

of evidence — and it was contended that this was not such a case. *Wadleigh* v. *Wadham,* 5 *Mass.* 352 ; *Waite* v. *McNeal,* 7 *Mass.* 263 ; *Hall* v. *Hewes,* 10 *Mass.* 39 ; *Baker* v. *Briggs,* 8 *Pick.* 126 ; *Griffith* v. *Willing,* 3 *Bin.* 317 ; *Palmer* v. *Hyde,* 4 *Con. R.* 426.

So, if the amount in controversy be small, the Court will not disturb the verdict. If the Judge's instructions were correct, then there is nothing in controversy here but the bill of costs. 1 *Moody & Rob.* 173 ; 3 *Vez.* 33 ; *Douglass* v. *Towzer,* 2 *Wend.* 352.

WESTON J. — The discharge of the old notes, written upon the copies, was evidently founded upon the giving of the new note, which was received in payment. If that never took effect as a subsisting note, or was avoided as inoperative by the defendants, the consideration for the receipt failed. Upon these facts, it would appear that the old notes were not discharged, but might be recovered, as the jury were instructed. A receipt forms an exception to the rule of law, that written testimony cannot be contradicted or varied by parol.

A motion is filed to set aside the verdict, as against the weight of evidence. The consideration of a note of hand is open to inquiry, between the original parties. It may be shown that there was either no consideration, or that it had failed. In the case before us, there was no want of consideration. It consisted in the dissolution of the attachment, and the discharge of the old notes, which was effectual, if the new note was not defeated. It may be shown that an instrument, though it has the form of a promissory note, was never given, or taken and received as such. That it was put into the hands of a third person, to be delivered upon a contingency, which has not taken place. That it was taken from the possession of the maker, without his consent. That although it was suffered to go into the hands of the payee, it was to have no validity, until after the happening of a certain event. In these cases it would appear, that the parties had never come to any agreement, which would give to their contracts a subsisting character. The consent of the parties, necessary to their validity, would be disproved. But when once a written contract is made,

executed and delivered as such, it is not admissible by law to look for any of its terms *aliunde.* They can be proved only by the instrument itself.

It does appear, from the testimony of the witnesses for the defendants, that the suits were withdrawn, a discharge on the copy of the old notes given, and the note in question signed and delivered, upon the condition that the original notes should be procured, and sent to the defendant, *Cutts*, within two weeks; and that to this the attorney of the plaintiffs assented. This is manifestly a condition subsequent, not to be found in the note, but attempted to be attached thereto by parol evidence. This testimony was received without objection; but when called upon to determine whether the verdict is or is not against the weight of evidence, it must be weighed, according to the rules established by law. This testimony, such as it is, is contradicted by two witnesses. If false, it ought not to affect the note; and if true, it was not competent to change its terms, or interpose new conditions. The defence itself is without merits. It appears that the old notes have, since *January*, 1833, been ready for the defendant, *Cutts;* and he has in his hands the evidence of their discharge.

*New trial granted.*