### ANSEL T. SYLVESTER *versus* WINSLOW STAPLES.

The liability of an accepter of a bill of exchange arises from and is limited by the terms of his acceptance, and as the language of such acceptance is his own, it is to be taken most strongly against him.

By his acceptance, the drawee, as between him and the payee, is to be regarded as the maker of a promissory note running to the payee.

The meaning of a written contract is to be ascertained from its terms, and parol evidence is not admissible to vary, alter or control the meaning of an acceptance, when the language used is intelligible.

This action, REPORTED by APPLETON, J., is ASSUMPSIT on the following order:

"W. STAPLES, ESQ.,—*Dear Sir:* Please pay Ansel T. Sylvester fifty-five dollars, for work done on logs, and yours oblige.　　　　　Signed,　　　L. B. RICKER & Co."

On this order is the following memorandum in writing:

"I accept the written order, to pay when due.

WINSLOW STAPLES."

The defendant offered to prove by parol, that when this order was accepted, as above, the parties thereto agreed that the drawee should accept to pay when in funds, and that Sylvester and Staples each understood and intended the language used in the acceptance as meaning, that Staples should pay when the amount was due from him to the drawers; that at the time of said acceptance there was nothing due from Staples to the drawers of said order, nor has there been at any time since. This testimony was excluded by the presiding judge, and he ruled that the words on the order purporting to be an acceptance thereof, signed by the defendant, constituted an acceptance of the order, unconditional, "to be paid at maturity." That the words "when due" signified when the order was due, and not when the amount was due from the drawers to the accepter.

*A. L. Simpson,* counsel for the plaintiff.

Sylvester *v.* Staples.

The plaintiff in this action claims the right to recover of the defendant the sum of $55.00, on an order drawn by L. B. Ricker & Co., on the defendant, June 1st, 1857, in his favor, and accepted by the said defendant the same day.

The questions raised, are as to the construction of that acceptance, and the right of the defendant to introduce parol evidence of what the agreement of the parties was at the time the defendant accepted the same, which acceptance is in these words: "I accept the within order, to pay when due," and signed by the defendant.

Is there any ambiguity in the language of the acceptance?

The order was drawn on the defendant, presented to him, and he accepted it, to pay when due.

The order does not purport to be on time, nor on demand; it may therefore be regarded as an order payable at sight, and then the defendant would have been entitled to three days' grace, and then the order would not have been due till the end of the days of grace.

The statute provides that whenever any promissory note, inland bill of exchange, draft, or *order* for the payment of money, payable at a future day or at sight, *and not on demand*, that the maker or accepter *shall* be entitled to three days' grace. R. S., 1840, ch. 44, s. 13. This order does not purport to be on time *or on demand*, and that would entitle the defendant to his three days of grace.

A patent ambiguity cannot be aided by parol evidence. Greenl. Ev., ss. 298, 299, 300, 301, and note.

The prior and contemporaneous conversations, agreements and acts of the parties are not admissible to explain, vary or control the meaning of the acceptance; that must be ascertained from the inspection of the instrument itself.

The principle that when there is no ambiguity in the terms used, the agreement or instrument itself shall be the *only* criterion of the intentions of the parties, excludes parol testimony contradictory to the writing itself, although such oral testimony would clearly show that the real intentions

of the parties were at variance with the particular expressions of the written agreement. Chitty on Con., 6th Am. ed., p. 99; see also pp. 110 and 102.

The inquiry to be made by the court is, what intentions do the words of the instrument express, *without regard to any intentions of the parties, independent of the words used?* Phillips' Ev., 3d ed., part 2d, p. 571, note 286; also Greenl. Ev., s. 275, 276, 277.

You cannot control the legal effect of an accepted bill, by showing a contemporaneous verbal agreement, that it was to be paid out of a particular fund. *Campbell* v. *Hodgdon,* Gow. R., 74.

When once a written contract is made and executed and delivered as such, it is not admissible by law to look for any of its terms *aliunde.* They can be proved only by the instrument itself. *Goodwin* v. *Curtis,* 11 Maine R., 440; *Haywood* v. *Perrin,* 10 Pick. R., 230; *Allen* v. *Kingsbury,* 6 Pick. R., 235; *Marshall* v. *Baker,* 19 Maine R. 402.

Parol evidence cannot be received to vary the legal effect of an indorsement in blank upon a bill or note. *Crocker* v. *Getchell,* 23 Maine R., 392.

Whatever may have been the previous conversations between the parties, or *even their understanding of what was agreed upon between them,* * * * yet if the parties finally proceed deliberately and fairly to put their agreement in writing, *nothing is better understood than that the writing is conclusive upon them, and all the previous conversations and understandings in reference to the subject are inadmissible* to control the import of the writing. *McLellan* v. *Cumberland Bank,* 24 Maine R., 568, 569.

Parol evidence that a bill of exchange, absolute in its terms, was to be payable on a contingency, is inadmissible. *Cunningham* v. *Wardwell,* 12 Maine R., 466. This case and *Stackpole* v. *Arnold,* 11 Mass. R., 27, are leading cases upon the point at issue, and in them the ruling of the court in the case at bar is fully sustained.

It is a well settled principle of law, that all written agree-

Sylvester *v.* Staples.

ments are to be construed most strongly against the maker. There is no latent ambiguity in the instrument, and none is offered to be proved. If there was a latent ambiguity in the instrument, then it would be necessary to prove it by testimony *aliunde.* It could not be ascertained by inspection of the instrument, for if it appeared on inspection of the instrument, it would not be latent but patent, and then all parol testimony is excluded, and the meaning and intention of the parties must be ascertained from the instrument itself.

The defendant not offering any testimony to prove a latent ambiguity, and there being none in the instrument, the ruling of the court must be regarded as correct, and the testimony which was offered and excluded, being offered to prove an agreement and understanding different from the legal import of the instrument, must be regarded as rightly excluded, and therefore it becomes the duty of the court to order a default to be entered.

*G. P. Sewall,* counsel for the defendant.

The plaintiff in this suit seeks to hold the defendant to pay a certain order, in consequence of an acceptance, "to be paid when due," and the question really raised is, w: at did the defendant intend by the words, "to be paid when due?"

We assume this to be a conditional acceptance, to be paid by the defendant when the amount of the order was due from the drawee to the drawer, and is equivalent to an acceptance to be paid when in funds.

The order was drawn against a certain fund arising from the sale by the drawer to the drawee, of certain logs mentioned on its face. The court will perceive the order was not payable on any specified day.

It was therefore made payable on demand, and if the position of the plaintiff is correct, when accepted, it was payable forthwith. The parties are presumed to have understood the effect of their contract. If, therefore, it was payable forthwith, what significance has the agreement to pay when due? If time or delay was intended, would not the defend-

ant have accepted, to be paid on some day thence to come? This was evidently a part of a lumbering transaction. The defendant had purchased of the drawer certain logs. Now it is usual, and in fact there are no exceptions to the rule, to hold a lien upon logs, on the river where this transaction took place. All logs, from necessity, pass through the Penobscot boom, or through the boom of one of the log driving companies.

There is a lien for stumpage; a lien to the man that cuts, to the man who draws, to the man that drives in the river, to the log driving company who drives the river, to the dams over which the log floats, and to the boom that stops them before manufactured.

The drawee having purchased these logs, is it reasonable to suppose, as a prudent man, he would incur further liabilities for his vendor, until the claims against them, that might have defeated his title, were all stated, and the amount due the drawer ascertained? He accepted in the usual form in lumbering transactions, when the drawee intends paying out of a given fund, if it ever accrues, although perhaps the custom is not sufficiently general to render it binding as such on the parties.

It is not assumed that parol testimony is admissible to explain the acceptance, unless it contains a latent ambiguity. But if the intention of the parties cannot be gathered from the paper, then it is admissible. 14 Maine R., 233; 9 Cushing R., 104.

APPLETON, J. The liability of the accepter of a bill of exchange arises from and is limited by the terms of his acceptance. As the language of such acceptance is his own, it is to be taken most strongly against him.

The drawee, by his acceptance, promises the payee, who may bring a suit thereon against him. As between them, he is to be regarded as the maker of a promissory note, running to the payee. The defendant then, by his acceptance, promised the plaintiff to pay him for work done on certain logs

Sylvester *v.* Staples.

of a particular mark, *when due.* The payment was to be for work done, and it was to be made when, by the agreement between the drawer and the payee, the same might be due. The acceptance was absolute, except as to the time of payment.

The evidence offered was properly rejected. The meaning of a written contract is to be ascertained from its terms. Parol evidence is not admissible to vary, alter or control the meaning of an acceptance, when the language used is intelligible. " No rule of law is better established," says DALLAS, C. J., in *Campbell* v. *Hodgson,* 1 Gow. R., 74, " than that a party shall not be permitted to add a verbal or oral condition, in order to control the legal effect of a written instrument."

As the time when payment for the work done should, according to the agreement of the parties, have been made, does not distinctly appear, the cause must stand for trial.

TENNEY, C. J., RICE, HATHAWAY, CUTTING and GOODENOW, J. J., concurred.