LEDYARD A. WATKINS *vs.* PHILIP B. BOWERS.

Bristol. Oct. 28, 1875. — Jan. 7, 1876. MORTON & LORD, JJ., absent.

In an action by the payee against the maker of a promissory note, it appeared that the plaintiff was an agent of a life insurance company. Evidence was admitted for the defence tending to show that the note was given for a policy of insurance in the company upon an agreement with the general agent of the company that the defendant should have sixty days to determine whether he would or would not be insured, and that, if within that time he should decide not to be insured, and should so notify the plaintiff, who was then present, the policy should be taken back and the note returned. *Held,* that this evidence was competent upon the issue whether there was a contract between the parties and a completed delivery of the policy and note under it.

In an action upon a promissory note, given to the plaintiff as the agent of a life insurance company for a policy of insurance under an agreement that, if the defendant should within sixty days notify the plaintiff that he had decided not to be insured, the policy should be taken back and the note returned, evidence was put in by the defendant tending to show that during the sixty days he took the policy to the town where the plaintiff resided and endeavored to find him for the purpose of returning the policy to him. *Held,* that the testimony was competent to rebut any presumption of the defendant's acceptance of the policy arising from his inaction.

CONTRACT upon a promissory note, for $752.30, dated August 10, 1874, made by the defendant, payable to the order of the plaintiff in two months from date.

At the trial in the Superior Court, before *Pitman,* J., the only questions for the jury, under the ruling of the judge were whether any contract was entered into between the parties, and whether there was or not a want or failure of consideration.

The evidence of the defendant, which was admitted against the plaintiff's objection, on the ground that it was an attempt to alter or control a written contract by oral evidence, and for other

reasons, was in substance as follows : The defendant testified that he had been solicited by the plaintiff, who was an agent of the Phenix Mutual Life Insurance Company of Hartford, to take out a policy on his life ; that on August 10, 1874, the plaintiff came to his house and introduced to him G. E. Holloway, the general agent of the company, to whom he said that if he intended to get insured he would see him at Fall River. Watkins or Holloway inquired how long time he wanted to make up his mind to be insured, and he replied that he could not tell, it might be longer or shorter. Holloway then said: "I will do this. It is something I will not allow my agents to do. I will take out an application for a policy, and if it is accepted by the company I will send you a policy, and I will give you sixty days to make up your mind whether you will be insured or not, and if at the end of sixty days you make up your mind not to be insured, you may notify Watkins, and he will come and bring the papers and take the policy, and it shall not cost you a cent." He finally accepted the offer. Holloway placed the note before him and asked him to sign it. He then said he would not sign it. Holloway said it would not be binding unless he decided to keep the policy and be insured. The defendant said, "If I sign this note shall I not be held to pay it?" and Holloway said, "No, this is a conditional transaction ; you will not be holden unless you decide to keep the policy and be insured. It will not be binding any way."

He also testified that on these assurances he signed the note ; that before that, during the conversation, he had signed, under the circumstances stated, the application for a $10,000 policy from the company, and a physician had examined him and certified thereon; (which application and certificate were produced in court and went in on cross-examination as evidence ;) that when he signed the application the plaintiff said it was not binding, but it was necessary for him to sign it or the company would take no notice of it; that the defendant told the plaintiff he should not sign any papers that should be binding on his part ; that the plaintiff took the note and application ; that as the party were leaving the house Holloway remarked, "I consider you insured for sixty days." The defendant said, "No, I do not consider my self insured until I decide whether I will be or not."

The defendant further testified that about a week afterwards Watkins called at his house and left the policy there with his wife, the defendant being absent at the time ; that on his return the same day he saw it there ; that in about two weeks from the time it was left there he saw Watkins in Fall River, and told him he should not keep the policy ; that in a few days after that conversation Watkins called at his house, and he told him what the understanding was, that he wanted him to return his papers and he give up the policy. Watkins replied that he knew all about it and should do just as he had agreed to, but wanted him to keep the policy.

The defendant further testified, against the special objection of the plaintiff as to its competency in any view of the case, that he had taken the policy to Fall River previously to his seeing Watkins there, and had endeavored to find Watkins ; that he did not know that he had any office or house ; that he expected to find him ; that he looked around for him on September 26, and on Wednesday, September 30, and tried to find him but could not ; that on October 2, he went to Fall River, having the policy with him, and met Watkins on Main Street ; that he got out of the carriage to hand him the policy, saying to him, "Here, I have had this policy long enough, take it ; " that Watkins waived his hand and said, "Hold on, and I will come up to your house to-morrow and get the policy ; " that the next day, Watkins drove into his yard ; that he handed Watkins the policy, and he took it from his hand, opened it, and looked at it, and placed it back in the envelope and said he was sorry he did not keep the policy, it would be a great injury to him ; that the defendant said : "You know the agreement that you were to take it back if I did not conclude to be insured, and you would give up the note ; " that Watkins replied, that he was very sorry he did not keep the policy and be insured ; that he would leave the policy there, then, and send to Hartford ; that he would then bring his papers and take the policy ; but he did not do it, and left the policy still in his, defendant's, possession. The defendant's testimony was corroborated by other witnesses.

The plaintiff contended, and his evidence tended to show, that Holloway told the defendant that he would take his application and send the policy, if accepted by the company ; and if at the

end of sixty days he did not find it was a good investment for his estate, or that the facts in regard to the standing of the company or the form of the policy had not been stated truly, he would return the note and cancel the policy. On other points, as well as on this, the plaintiff's evidence was substantially in direct conflict with that of the defendant. No question was made but that the policy was a good and valid life insurance policy for the sum of $10,000, on the life of the defendant, if there was ever a completed contract.

The plaintiff requested the judge to rule, as a matter of law, that taking all the evidence relied on by the defendant as true, it did not constitute a legal defence to the action. This the judge declined to do, and instructed the jury for the purposes of the trial that there was no evidence of fraud for them to consider, but the sole question for them was as to the consideration; that if the minds of the parties met, and there was a competent contract, so that the policy ever attached or the company became liable, either temporarily or permanently, then there was a consideration, and no defence to this suit; but if, on the other hand, the jury were satisfied that the defendant refused to make any contract, or to be bound in any way, but expressly reserved to himself the right of deciding whether he would be insured, and within the time limited notified the plaintiff that he would not, that there was then no consideration to support the note; that, if they believed the evidence of the defendant and his witnesses, there was a want of consideration, and their verdict should be for the defendant; otherwise, if they believed the plaintiff and his witnesses, their verdict should be for the plaintiff.

The jury found for the defendant; and the plaintiff alleged exceptions.

*J. Brown*, for the plaintiff.

*J. M. Morton, Jr.*, for the defendant.

COLT, J. It was a question of fact for the jury whether there was a contract between the parties and a completed delivery of the note and policy under it. The rule excluding parol evidence to contradict a written instrument is not infringed by the admission of such evidence, to show that the instrument never had any binding force for want of due delivery, or, if not under seal, for want of consideration; because the evidence is offered not to

vary the contract, but to prove that no contract was ever made ; the inquiry is a preliminary one. *Coddington* v. *Goddard*, 16 Gray, 436. *Faunce* v. *State Mutual Life Assurance Co.* 101 Mass. 279.

In the case at bar the note in suit had no binding force until delivered as evidence of a subsisting debt, and none if made without consideration. The consideration necessary to its validity depended on whether the contract of insurance was so completed between both parties that the policy attached and the company became liable under it temporarily or permanently. There was conflicting evidence on these points, and the judge rightly ruled that, if the minds of the parties met, there was a contract, and a good consideration for the note, but not otherwise. The jury found that there was no completed contract of insurance, and therefore no consideration for the note. The fact that the policy was left at the defendant's house and retained by him would be evidence bearing on the question of its delivery and acceptance, but not conclusive, and all the circumstances are to be considered by the jury. *Blanchard* v. *Blackstone*, 102 Mass. 343.

The testimony of the defendant that he took the policy to Fall River, and endeavored to find the plaintiff, tended to rebut the presumption of acceptance which might be drawn from his inaction, and was rightly admitted. *Bornstein* v. *Lans*, 104 Mass. 214.

It was not contended at the argument that there was any evidence of fraud which ought to have been submitted to the jury.

*Exceptions overruled.*