BENJAMIN B. OCKINGTON *et al. vs.* THOMAS K. LAW.

Oxford, 1876.—February 25, 1877.

*Promissory notes.*

The plaintiffs conveyed by deed to the defendant a part of two patent rights, with a condition in the deed that the sale was to be and become void upon a default in either or any of the payments. At the same time and as a part of the same transaction, the defendant gave the notes in suit for part payment of the price.

*Held,* 1. That the condition in the deed was for the benefit and security of the vendors, which they alone could waive, and could not be given in evidence as a defense to an action upon the notes.

2. That an oral agreement to extend the time of payment of the notes for

a good consideration, till the defendant could make the money out of the "clothes pin business," if made at the same time and as part of the contract evidenced by the notes, was not admissible in defense to an action upon them.

3. That if such oral agreement was subsequent to and independent of the contract as shown by the notes, it would be admissible only by showing also that the defendant had used due diligence to make the money, or that such diligence would be useless, and that upon this point the burden was upon the defendant.

ON EXCEPTIONS.

ASSUMPSIT on three similar promissory notes, the first of which was of the form following : "$1833.    For value received I promise to pay B. B. & A. J. Ockington, or order, one thousand eight hundred and thirty-three dollars in two years from date, with interest, at 5 per cent per annum, (dated) October 14, 1872.   (Signed) T. K. Law."    The second was for $916.50, dated the next day, and witnessed.   The third was for $916.50, dated February 26, 1873, on which was this indorsement.   "August 28, 1874. Received on the within note, $807.17."

The defendant consented that the plaintiffs have judgment on the third note ; but pleaded to the other two the general issue with a brief statement :  1. That they were not due at the date of the writ, February 17, 1875, (the time of payment having been extended.)  2. That they were null and void, (or voidable at his option.)   3. That the consideration had failed.

The consideration of these notes was an interest in a patent right for an improvement in the machinery for making clothes-pins, and for the patterns from which to construct the machines.   The plaintiffs conveyed to the defendant a four-tenths interest at the date of the first note for a consideration of $5500, of which $500 was paid in cash and the balance in three notes, the first payable in a few days, and the second and third, for $1833 each, in one and two years respectively.   October 15, 1872, the plaintiffs conveyed to the defendant two-tenths more of the same property at the same rate ; and three other notes were given, the first payable in a short time, and the second and third for $916.50 each, payable in one and two years respectively.

The conveyances were by writing under seal; and each contained the condition following : "That the party of the second part shall

pay to the parties of the first part two certain promissory notes, (describing them) payable to B. B. & A. J. Ockington or order, and both signed Thomas K. Law, and payable, the first in one year and the other in two years from date, with interest, (etc.) And if there shall be default in either or any of such payments, then this deed is to be and become void and of no effect to convey said patent rights, and the party of the second part shall forfeit the money already paid."

At the trial, after the plaintiffs read the notes in evidence, the defendant offered the two agreements between the parties of October 14, and October 15, 1872, to prove that the notes in suit are the same named in said agreements, and contended that the notes were voidable at his option. But the presiding justice ruled that these agreements constituted no defense. He then offered to prove the plaintiffs agreed, in consideration that he would pay them $1000 on notes they held against him about two months before maturity, that they would extend the time of payment of the notes in suit, until he could realize enough from his clothes-pin business to pay said notes, that he paid the $1000, and that at the date of the plaintiffs' writ, he had realized nothing from his said business.

The presiding justice ruled that this would constitute no defense. A verdict was rendered in favor of the plaintiffs for the amount of the notes, and the defendant alleged exceptions.

*D. Hammons*, for the defendant.

A written agreement may be changed by a subsequent verbal one. *Leavitt* v. *Savage*, 16 Maine, 72. *Chute* v. *Pattee*, 37 Maine, 102. *Cummings* v. *Arnold*, 3 Met. 486. *Munroe* v. *Perkins*, 9 Pick. 298. *Richardson* v. *Cooper*, 25 Maine, 450. *Lattimore* v. *Harsen*, 14 Johns. 330. *Richardson* v. *Hooper*, 13 Pick. 446.

In *Dow* v. *Tuttle*, 4 Mass. 414, the agreement was a collateral one, not to sue for a certain time the note then in suit. The case at bar is dissimilar. The contract which the defendant offered to prove was an executed one, and the notes have never been transferred.

The agreement that, in case of failure to make either of the pay-

ments, the deed is to become void and the money paid at the time of the failure shall be forfeited, was mutual and the damages liquidated. They have by forfeiture, the property for which the notes were given; they have received $5499 therefor, which they are entitled to retain as liquidated damages.

*E. Foster, jr.,* for the plaintiffs.

I. The agreements are independent and, therefore, constitute no defense to the notes. *Manning* v. *Brown,* 10 Maine, 49, 51, is directly in point. See also *Pitkin* v. *Frink,* 8 Met. 12, 17. *Chandler* v. *Marsh,* 3 Vt. 161. *Traver* v. *Stevens,* 11 Cush. 167. *Hodgkins* v. *Moulton,* 100 Mass. 309, 311, 312. *Dow* v. *Tuttle,* 4 Mass. 414. *Wait* v. *Chandler,* 63 Maine, 257.

II. The proof offered in regard to the extension of the time of payment of the notes would constitute no defense. *Dow* v. *Tuttle* and *Wait* v. *Chandler,* before cited. *Central Bank* v. *Willard,* 17 Pick. 150. To render such a collateral agreement binding so that it would release a surety on a note, the time of extension must be definite. *Dunn* v. *Spalding,* 43 Maine, 336.

It was rather an independent agreement upon which an action might lie, than a defense to the notes. *Central Bank* v. *Willard, Dow* v. *Tuttle,* before cited.

DANFORTH, J. This is an action upon three promissory notes, to two of which a defense is claimed upon two grounds.

I. It is contended that the notes became void because the defendant neglected, or elected not, to pay them when due. To show this the defendant offered in proof two contracts in writing of different dates but of a similar tenor, by which it appears that the notes in question were given for parts of a patent right sold to the defendant. The notes are absolute and unconditional. The contracts of sale were made at the same time the notes were and as part of the same transaction. In each of these contracts we find a clause which reads thus, "and if there shall be default in either or any of such payments, then this deed is to be and become void, and of no effect to convey said patent rights and the party of the second part shall forfeit the money already paid." These instruments are signed by both parties. In them is a sale to the defend-

ant and on his part a consent that such sale shall become void if the price is not paid, while in the notes we find an unconditional promise to pay that price. There is then a condition for the benefit of the plaintiffs, but none in favor of the defendant. However hard the contract may be we can only apply the familiar principle of law that he alone, for whose benefit a condition is made, has authority to waive it. In this case clearly the right of election rests with the plaintiffs and not with the defendant. The fact that the sale was completed and rests upon a condition subsequent and not precedent, does not change the principle. The defendant's promise is none the less unconditional and the right to avoid the sale is equally the right of the plaintiffs. The principle is the same as that of a bond for the conveyance of property upon payments secured by note. The liability of the maker of the note does not rest upon any act to be previously performed by the payee, and upon this point the ruling of the court was in accordance with a long series of authorities. *Manning* v. *Brown*, 10 Maine, 49.

II. The defendant offered to prove that the plaintiffs agreed, in consideration the defendant would pay them the sum of one thousand dollars on notes they held against him about two months before maturity, that they would extend the time of payment of the notes in suit until he could realize enough from his clothes pin business to pay said notes, and that he did pay them said one thousand dollars, and that at date of plaintiffs' writ he had realized nothing from his said business."

It is as well settled as any principle of law can be that parol testimony is not admissible to vary the meaning of a written contract, by adding to its terms, or by extending or limiting them. "Where a promissory note, on its face, is payable on demand, oral evidence of an agreement, entered into when it was made, that it should not be paid until a given event happened, is inadmissible." *Porter* v. *Porter*, 51 Maine, 376, 379. Where parties choose to commit their contracts to writing the written words are held to be the conclusive evidence of that contract. It is however just as well settled that the terms of such written agreement may be changed, modified, or its obligation wholly or in part discharged

by a subsequent, independent agreement resting upon oral testimony. In this case no time is alleged when the agreement offered to be proved was made; nor does it anywhere appear whether it was contemporaneous with the making of the note and a part of that contract, or whether it was subsequent to and independent of it. In this respect, therefore, the offer is clearly insufficient; for if the former is the offer the ruling was clearly right. Hence the excepting party fails to show that he is aggrieved by the ruling complained of.

But assuming, as we may perhaps infer from the argument and possibly from the ruling of the court, that the offer refered to a subsequent and independent agreement, still there is a fatal defect in it as a defense to the notes. If it acted upon the notes and became a part of the contract therein evidenced, still the promise to pay remained. The only change would be in relation to the time of payment, or possibly the payment might be contingent upon the success of the "clothes pin business." In either case there is a necessary element in the agreement not included in the offer of proof. The business referred to was the business of the defendant, over which the plaintiffs could have no control. The money for the payment of the notes to be made out of that business, must depend somewhat upon the exertion and diligence of the defendant and in no part upon that of the plaintiffs. Such an agreement then as the defendant offered to prove would not postpone the payment of the notes, indefinitely at least, until it appeared that the defendant had made the proper exertion and used due diligence in the business to realize the amount required. Upon this point the burden of proof must necessarily rest upon him upon whom is the duty of action, and yet the offer contains no element of this kind nor anything from which we can infer any purpose to show any effort or diligence whatever, but rather an entire absence of it. There is no proof nor an offer of any to show what profits might or might not be made from the business, or that none could be made, and efforts in that direction would be useless.

Besides if the payment were extended it would only be for a reasonable time. The case shows that the action was commenced some months after the notes were payable by their terms.

Whether this alleged agreement was made before they were payable, or when it was made, does not appear, and upon this point there is no offer of proof. Hence, in the absence of any proof or offer of any in relation to the profits of the business, neither the court nor the jury can say that the plaintiffs have not waited a reasonable time. *Sears* v. *Wright,* 24 Maine, 278. *Wilder* v. *Sprague,* 50 Maine, 354. *Bradford* v. *Drew,* 5 Met. 188.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.