### E. C. MORRIS & another *vs.* FRANK B. BRIGHTMAN.

Worcester. Oct. 6, 1886. — Jan. 4, 1887. DEVENS & W. ALLEN, JJ., absent.

In an action for the price of a safe, it appeared that the defendant delivered to the agent of the plaintiff a paper signed by him, and addressed to the plaintiff, requesting him to send the safe to him at a certain place, and promising to pay a certain price after receipt of the safe. The paper stated on its face that the order was subject to the plaintiff's approval, and was not to be countermanded; and that the safe was to be delivered on the cars in the city where the plaintiff did business. The order was sent to the plaintiff, the day after it was signed, and he put the safe on the cars, addressed to the defendant. The defendant was allowed to testify, against the plaintiff's objection, that the paper was delivered by the defendant to the plaintiff's agent with the understanding that he was not to forward it to the plaintiff for several days, but was to hold it subject to the defendant's order, and to destroy it if the latter should decide, within the interval specified, that he did not want the goods; and also to put in evidence a letter from the defendant to the agent, mailed the day after the paper was signed, countermanding the order for the safe. *Held,* that the plaintiff had no ground of exception.

CONTRACT upon the following order, dated November 2, 1883, addressed to the plaintiffs, and signed by the defendant: "Please ship to F. B. Brightman, Charlton City, Mass., one fire-proof safe, with patent inside bolt work, size No. 3, for which I agree to pay sixty-five dollars after receipt of safe, as per back of this order. The safe remaining the property of Morris and Ireland until paid for." On the margin of the face of the order was written: "Sold by McGregor. This order subject to Morris and Ireland's approval, and not to be countermanded. Safe to be delivered on cars in Boston, Mass." On the back of the order, the terms of payment, by instalments, were specified, $10 on receipt of the safe, and the balance in monthly instalments, the last instalment being payable in five months. Writ dated December 28, 1883. Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows:

It appeared in evidence that the plaintiffs, who are engaged in the business of selling safes, in Boston, received the order declared on by mail from one McGregor, their selling agent, who then resided in Worcester, on November 3, 1883, being the day after the same was signed and delivered to McGregor by the defendant; and that, on said November 3, the plaintiffs, without further knowledge or information from the defendant or their selling agent, shipped the safe, and delivered it on board the cars in Boston.

The defendant, to prove that the order was never intended to take effect as a contract, against the plaintiffs' objection, introduced in evidence the following letter, dated November 3, 1883, addressed to McGregor, and signed by the defendant: "Please countermand order for safe given yesterday. I have thought the matter over since talking with you and cannot see my way clear to take it at present. No doubt my change of mind may annoy you, but I know my own affairs best, and you would be much more offended if I should fail to meet payments. When I have collected in my accounts closer, and am feeling more secure in regard to my bills, will then give you an order, say 60 or 90 days hence, but cannot in good judgment at present."

The defendant testified that he sent this letter to McGregor by mail the day after he signed and delivered the order to McGregor; but the plaintiffs had no knowledge of this letter

until informed of it by the following letter from the defendant to them, dated November 26, 1883 : " Your card at hand. I do not demur about payment of freight, but allowed myself to be over persuaded against my better judgment; but Mr. McGregor told me the safe would not be shipped for three or four days, so that I felt that I should have time to think the matter over, and did reconsider when the utter foolishness of the thing came upon me, when second thoughts showed me my inability to meet my payments. It was upon a Friday when I talked with Mr. McGregor, the very next mail conveyed to him a statement of my feelings and prospects, and requested him to countermand the order. In reply he telephoned me and said he would do so."

The defendant was further allowed to testify, against the plaintiffs' objection, that the contract was signed and delivered to McGregor with the understanding that McGregor was not to transmit the order to his principals, but was to keep it in his possession for three or four days, during which time the defendant, if he should make up his mind that he did not want the safe, could so write to McGregor, and that thereupon McGregor would destroy the order, and, until the expiration of the three or four days, would not treat the signed contract as an order. The letter from the defendant to McGregor was sent by the next mail.

The jury returned a verdict for the defendant; and the plaintiffs alleged exceptions.

*W. A. Gile,* for the plaintiffs.

*H. W. King & C. M. Rice,* for the defendant.

HOLMES, J.   The document addressed to the plaintiffs by the defendant purported to be an offer, not a contract, and it was not even an offer until delivered to the plaintiffs by the defendant's authority, express or ostensible.   It was in no way contradicted by evidence that it was handed to McGregor with the understanding that he was not to forward it for three or four days, but was to hold it subject to the defendant's order, and to destroy it if the latter should make up his mind that he did not want the safe.   For this evidence went only to the question of an authorized delivery.   *Watkins* v. *Bowers,* 119 Mass. 383.   It warranted a finding that McGregor held the document as the

defendant's agent during the time mentioned, and, as in other respects he was the plaintiff's agent in the transaction, that the plaintiffs had notice of the character in which he held, and of the limits of his authority. Whether the case would have stood any differently, or would have fallen within the principle of *White* v. *Duggan*, 140 Mass. 18, if McGregor had been a stranger to the plaintiffs, we need not consider.

It follows that the defendant's letter to McGregor, mailed the day after the document referred to was handed to him, was admissible to show that the defendant had exercised the right which he had reserved, if his testimony was to be believed, and in substance had forbidden McGregor to forward the order.

*Exceptions overruled.*