GEORGE A. RIVARD *vs.* CONTINENTAL CASUALTY COMPANY.

Androscoggin.      Opinion February 12, 1917.

*Insurance policy lapsing by reason of non-payment of premiums. Policy of insurance delivered upon approval. Admissibility of oral evidence as showing that policy was delivered upon "conditions of approval and acceptance." Effect of Company accepting premiums on an insurance policy after time of approval had expired. Liability of Company for acts of its agents in delivering policy "for approval."*

1.  The rule excluding parol evidence to contradict a written instrument is not infringed by the admission of evidence to show that the instrument was not delivered as a completed contract.

2.  A policy of insurance delivered on approval does not become a completed contract until approved or accepted as such.

3.  An insurance company is bound by the agreement of its agent, whereby a policy was delivered on approval merely.

4.  Where a policy of insurance on which the premiums were payable monthly in advance was delivered September 4, on approval, and where there is no evidence that the policy was approved or accepted until October 4, when the premiums for two months were paid, it is *held,* that the payment should be applied to the premiums for October and November and that the policy did not lapse for non-payment of the premium for November.

Action on the case to recover certain amount due under a casualty policy of insurance. Defendant pleaded general issue and also brief statement alleging, among other things, that said policy had lapsed and had become void and of no effect on the thirty-first day of October, A. D. 1915. At the close of the testimony, the case was reported to Law Court for determination upon so much of the evidence and original exhibits as were legally admissible. Judgment for plaintiff for $42.50 and interest from the date of the writ.

Case stated in opinion.

*Benjamin L. Berman, and Jacob H. Berman,* for plaintiff.

*Newell & Woodside,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, MADIGAN, JJ.

SAVAGE, C. J.   This is an action upon a policy of casualty insurance, to recover indemnity for personal injuries sustained by the plaintiff, who was the policy holder.   The defense is, first, that the policy, if ever valid, had lapsed prior to the time the injuries were received, by reason of non-payment of premiums, and, secondly, that the policy was issued and received in violation of the statute, Laws of 1913, Chap. 84; now R. S., 1916, Chap. 53, Sec. 136.   This statute makes it unlawful for an insurance company to give, or the insured to receive, rebates of premiums, in whole or in part.

At the close of the plaintiff's evidence, the defendant offering none, the case was reported to this court for determination upon the admissible evidence.   And it is agreed that if the plaintiff is entitled to recover, the damages are to be assessed at $42.50.

The evidence, summarized, and without regard to admissibility, shows that on August 31, 1915, the plaintiff was solicited by an agent of the defendant to take a policy of health and accident insurance, The plaintiff said:—"I don't want to buy a cat out of a bag.   If you will send me a sample policy, I will look it over, and if it is agreeable, I will keep it."   The agent replied,—"I haven't a sample policy; but suppose I give you thirty days approval on a policy?"   To this proposition the plaintiff assented, and the plaintiff thereupon signed an application which contained the following agreement:—"I agree to pay to the company, in advance and without notice, a monthly premium of $3.00 for my said policy.   If paymaster's order is given by me to provide for the payment of this premuim, I agree to pay it as therein provided.   If no paymaster's order is given I agree to pay said premium as follows:—one monthly premium on or before the first day of October, 1915, and one monthly premium on or before the first day of each month hereafter."

On or about September 4, the policy in suit was mailed to and received by the plaintiff.   There is no evidence that he approved or accepted the policy as a completed contract during September.   But on October 4, he paid two months' premiums, six dollars, and received a policy holder's receipt book.   He received the injury, indemnity for which he now sues to recover, on November 14, following.

The decisive question is whether the six dollars paid premiums for September and October, as the defendant claims, or for October and November, as the plaintiff claims. If the former, the policy by its terms lapsed and was not in force in November, and the plaintiff cannot recover. If the latter, the policy, if valid, was in force, and he may recover. According to the terms of the policy, it took effect, as to liability for accidents, upon its delivery, and premiums were payable monthly in advance, as provided in the application, which was made a part of the policy.

The defendant contends that the policy took effect upon delivery, September 4, and either that the six dollars paid for premiums paid only for September and October, or if they were intended to apply to October and November, that it amounted to a rebate of the September premium, in violation of the statute. On the other hand, the plaintiff contends that the policy was delivered on thirty days' approval, and not as a completed contract. In other words he says that the delivery was conditional, that the policy was not in effect until approved and accepted, that it was not accepted until after October 1, and therefore, that the six dollars paid the premiums for October and November.

The evidence to prove the plaintiff's contention is sufficient, but it is oral, and it is objected that it is not admissible, because it tends to vary the terms of the written contract, the policy. We think the objection cannot be sustained. The policy was not in effect until it was delivered as a completed contract. If delivered on approval, the policy was a mere proposal. It was not in effect until approved or accepted. Such approval and notice thereof to the company completed the contract. The rule excluding parol evidence to contradict a written instrument is not infringed by the admission of evidence to show that the instrument was not delivered as a completed contract. 4 Wigmore on Ev., Sec. 2408; *Walkins* v. *Bowers*, 119 Mass., 383; *Morris* v. *Brightman*, 143 Mass., 149. The oral evidence did not vary the contract. It only showed that the policy was not a contract during the month of September. It showed that it became a completed contract for the first time on October 4, when the plaintiff manifested his acceptance by paying premiums for two months. The time limited for approval had expired, but the company received the premiums, and thereby waived objections on that ground. It

follows that the six dollars paid the premiums for October and November, and that the policy was in force when the plaintiff was injured.

It is suggested that the agent had no authority to change the policy or waive the provision that it should take effect upon delivery. However this may be, the company was bound by the approval agreement made by the agent. *LeBlanc* v. *Standard Insurance Co.*, 114 Maine, 6.

The conclusion we have reached renders it unnecessary to consider the statute forbidding rebates. There was no rebate for September. The policy was not in force during the month.

*Judgment for the plaintiff for $42.50*
*and interest from the date of the writ.*