GEORGE J. KUHN *vs.* PERCY C. SIMMONS

Lincoln. Opinion November 28, 1927.

*In an action by payee on a promissory note, absolute in form, delivered to payee*
*not as a binding obligation except upon the happening of a certain event, constituting*
*a condition precedent, such prior or contemporaneous oral agreement may be shown,*
*not so when such a note is delivered by the promisor as a binding obligation, but con-*
*ditional, its payment or enforcement depending on a contingency, constituting a con-*
*dition subsequent.*

*It is a question of fact whether a written agreement, though in the possession of the*
*obligee, was delivered by the obligor as a binding agreement or whether such delivery*
*was conditional only.*

In this case upon a fair construction of the charge of the presiding justice, taken
as a whole, he appears to have had in mind and intended to convey by his use of
the word "void" the meaning of a condition precedent going to the delivery
of the note and that the jury must have understood that the questions, which
were left to them to decide, were whether the defendant signed and delivered
the note with the intention that it was not to be considered by the parties as a
note, unless the defendant got satisfactory supply of water, and whether he did
get such a supply.

On exceptions and motion. An action of assumpsit on a promis-
sory note given by defendant to plaintiff. The note was for defend-
ant's part of the cost of erecting a windmill and tank for supplying
water to five others besides himself, including plaintiff, who had paid
the full amount of the cost. Defendant contended that at the time
the note was given it was agreed and understood between plaintiff
and defendant that it was not to be paid unless the supply of water
to him was satisfactory, and that the supply was not satisfactory.
Plaintiff excepted to a part of the charge, and after a verdict for de-
fendant, filed a general motion for a new trial. Exceptions and
motion overruled.

The case sufficiently appears in the opinion.

*Harold R. Smith,* for plaintiff.

*George R. Ashworth,* for defendant.

SITTING: WILSON, C. J., DUNN, DEASY, STURGIS, BARNES, BASSETT, JJ., MORRILL, A. R. J.

MORRILL, A. R. J., not concurring.

BASSETT, J.   Action on a demand promissory note for $87.65, dated December 11, 1923, given by the defendant to the plaintiff. Plea general issue, with brief statement that prior to the delivery of the note an agreement was made between the defendant and the plaintiff whereby the note should be void in the event water was not supplied to the satisfaction of the defendant, and it was not so supplied.   Verdict for the defendant.   Case comes up on exceptions and general motion.

The plaintiff, defendant and four others had been drawing water from a spring to their respective houses by pumps.   The plaintiff proposed that all contribute equally to the installation .of a windmill and storage tank to furnish a supply by gravity.   The defendant doubted the success of the plan and declined to take part but finally assented upon the understanding, as he claimed, that he was not to pay if he did not get a satisfactory supply of water.   After the work had been completed, the plaintiff, who had paid the entire expense, requested the defendant to give him a promissory note for one sixth of the expense and the defendant gave the one in suit upon the verbal agreement, as he claimed, and as set up in the brief statement.   Whether there was an agreement, and if so, its precise terms were in issue.

### EXCEPTIONS.

The exceptions were to the following instruction of the presiding justice, "If the agreement was made and entered into understandingly, as the defendant claims, and the water was not supplied, or, to use the term of the defendant, 'in the event the water was not supplied to the satisfaction of the defendant,' then I instruct you that the defendant is entitled to a verdict."

The case raises the question to what extent a bill or note, delivered at least manually to the payee, may in an action between the original parties be shown by evidence of a prior or contemporaneous oral agreement to be dependent upon a contingency.

It may be shown that a bill or note, absolute in form, although manually delivered to the payee was, by a prior or contemporaneous oral agreement, not to become a binding obligation except upon the happening of a certain event. *Goddard* v. *Cutts* 11 Me. 440; *Watkins* v. *Bowers* 119 Mass. 383; *Hill* v. *Hall* 191 Mass. 253; *Mass. Biographical Soc.* v. *Howard,* 234 Mass. 383; 20 A. L. R. 421, 422. Note: Public Laws 1917 Chap. 257 Sec. 16.

It cannot be shown that such a note delivered by the promisor as an obligation was not absolute according to its terms but conditional, its payment or enforcement depending on a contingency. *Cunningham* v. *Wardwell* 12 Me. 466; *Boody* v. *McKenney* 23 Me. 517; *Sears* v. *Wright* 24 Me. 278; *Sylvester* v. *Staples* 44 Me. 496; *Porter* v. *Porter,* 51 Me. 376, 379; *Ockington* v. *Law* 66 Me. 551; 20 A. L. R. 454, 471, Note.

That is, it may be shown that the note's becoming a binding obligation was dependent upon a condition precedent. It cannot be shown that its obligation, if it were delivered as an obligation, was dependent upon a condition subsequent contradicting or at variance with the express terms, because of the well established rule that parol evidence is inadmissible to vary or contradict the terms of a written instrument, *Goddard* v. *Cutts,* supra.

It is a question of fact whether any written agreement, though in the possession of the obligee, has been delivered by the obligor as a binding agreement or whether any delivery is conditional only. *Hill* v. *Hall,* 191 Mass. 253, 265. Doubtless testimony to prove such a state of facts should be weighed with care. Ibid.

No exception was taken to the admission of any of the evidence, which question in many of the reported cases was the one to be decided. The exception was to the specific part of the charge above stated. But that part must be considered with the entire charge.

The parol agreement, as alleged in the brief statement, which the presiding justice referred to and quoted in his charge, was that "the note should be void in the event" etc. The word "void" does not in itself determine the question raised in this case. While a statement that an instrument is to be or become void upon a contingency may, and perhaps often implies that the instrument is an existing obligation, it may mean, as used by the court, and in cases it is apparent that it has been so used, a condition precedent going to the

delivery of the instrument rather than a condition subsequent to defeat a valid existing obligation.

We think that by a fair construction of the charge taken as a whole the presiding justice appears to have had in mind and intended to convey by his use of the word "void" the meaning of a condition precedent going to the signing and delivery of the note and that he intended to lay down the rule, and the jury must have so understood, that, if the defendant signed the note and delivered it with the intention that it was not to be considered by the parties as a note unless he got a satisfactory supply of water, and he didn't in fact get such a supply, he was not liable. The presiding justice charged that the plaintiff had established a prima facie case and was entitled to a verdict unless the jury found that there was an agreement for the note's being void, apparently in the meaning just stated. Whether there was such an agreement and whether the defendant got a supply of water, he left to the jury to decide. The correct rule was given to the jury and the exception was not well taken.

MOTION:

There were only three witnesses in the case, the plaintiff, defendant and his wife. The plaintiff denied there was any such agreement as defendant claimed and stated that the only understanding, when the note was signed, was that the defendant should be given ample opportunity to pay in small instalments. The defendant's wife overheard the conversation at the time of the second conversation, when there was the alleged final assent. From that conversation as testified to by them both and from the other two conversations between the plaintiff and defendant, as testified to by the latter, the jury, if they believed the testimony, could have found that there was the agreement, as claimed by the defendant and as defined by the presiding justice.

The mandate must therefore be

*Exceptions and*
*Motion overruled.*