THE. BURROWES CORPORATION
*vs.*
JAMES W. READ, ET AL.

Cumberland.   Opinion, July 19, 1955.

*Herbert H. Bennett,* for plaintiff.

*Paul T. Powers,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, JJ. THAXTER, A. R. J. TAPLEY, J. did not sit.

WILLIAMSON, J.   This is an action of assumpsit to recover for the sale of fifteen aluminum combination windows manufactured by the plaintiff. The jury found for the defendant. The case is before us on exceptions to the admission of evidence, and to the refusal of the presiding justice to direct a verdict for the plaintiff; and also on motion for new trial. The issue is whether under the parol evidence

rule the defendant was prohibited from showing an oral agreement that a written order would not be effective unless the defendant so notified the plaintiff within thirty days.

The evidence may be summarized as follows:

Plaintiff's salesman approached the defendant at his home in Bowdoinham, made measurements for the windows and submitted to him a printed order blank for his signature.

The order blank, which is the written contract on which the plaintiff bases its case, was directed to the plaintiff, and read in part: "Manufacture and ship . . . to (naming defendant with address) 15 windows for the sum of $459.00 . . ." The instrument was signed by the defendant after the printed word "Purchaser." There followed the printed words "The above order to fabricate said combination units is hereby accepted," with the signature of the salesman, whose authority to accept the order is not questioned.

A paragraph of printed "TERMS" was struck from the order blank by pen by the salesman. They referred to time and place of payment, acceptance of the contract by plaintiff at Portland, delays beyond plaintiff's control, and in particular included a sentence reading "As the material necessary to fill this order is custom made, it is understood and agreed that this order is not subject to cancellation."

It was contemplated by the parties that the purchase would be financed by a Federal Housing Administration property improvement loan at a bank. An application for this purpose, and a note, both undated, were signed by the defendant with the order blank. The order blank dated "April 1954" was in fact signed on April 14, 1954.

On April 29 the defendant's wife, for the defendant, wrote the plaintiff "You told us to let you know one way or the other within a month or so. We have decided not to

have your combination windows." In the meantime the plaintiff had manufactured the windows. On the refusal of the defendant to accept them, the plaintiff brought suit on the contract.

The defense is in substance that the salesman and the plaintiff agreed that the order would not become effective until the defendant so notified the plaintiff. This agreement, made orally at the time the order blank was signed, the defendant urges created a condition precedent to the coming into existence of the contract evidenced by the order blank.

There was testimony from the defendant to the following effect:

"Q. Didn't he tell you that the order wouldn't be effective until you let the company know within thirty days whether or not you wanted the windows?
A. Yes."

\* \* \* \* \* \*

"Q. Now as I understand your statement, he said at that time that you could cancel the order any time within thirty days?
A. Yes, sir.

Q. That they wouldn't go ahead and make the windows until you told them to go ahead; is that correct?
A. That is correct."

Mrs. Read, defendant's wife, testified:

"A. They (the salesmen) said that we could look around, and there was a number of houses in Bowdoinham that we could look around and see the windows before we signed as long as we let them know within thirty days whether we wanted them or not."

\* \* \* \* \* \*

"Q. Now my question is this: That if you wouldn't take his (the salesman's) word as to

cancellation within a thirty-day period, why did you take his word that he wouldn't submit this order blank to the Burrowes Corporation within thirty days?

A. He told us he wouldn't. He wouldn't submit the order until we had let him know one way or the other. Then they was going to manufacture the windows."

\* \* \* \* \* \*

"Q. Now Mrs. Read, can you tell me why you bothered signing the contract on that day, why you didn't tell him that when you made up your mind you will notify him?

A. Because he said he wasn't in that territory very often."

A third party testified:

"A. The salesman asked Mr. Read if he knew (a person nearby who had plaintiff's windows) personally, and he says, 'Why don't you go over and look around before you make your mind up and let us know within a month or two what you have decided, and they measured a few more windows to get the measurements outside.

Q. You heard Mr. Carey (the salesman) say to them, 'Why don't you look around? When you make your mind up let us know within thirty days'?

A. Yes, sir; that is right in the same room; very close to me."

There can be no question of the sufficiency of the evidence to establish the oral agreement as a fact. The issue lies not in the sufficiency of the evidence to prove an agreement outside of the written order blank, but in determining whether the conditions may be attached to the written order.

The parol evidence rule is a rule of substantive law, not a rule of evidence. *Spaulding* v. *American Realty Co.*, 121 Me. 493, 118 A. 322 (1922). "It is a rule of substantive

law which, when applicable, defines the limits of a contract." 3 Williston, Contracts § 631 (rev. ed. 1936.) If excluded by the parol evidence rule, then such evidence could not be properly considered by the jury even in the absence of objection. *Goddard* v. *Cutts,* 11 Me. 440 (1834).

The contract for the purchase of the windows was apparently integrated in the order blank. In any event, neither party suggests that the contract fails by reason, for example, of lack of a more particular description of the windows to be manufactured, or of the necessity of filling in blanks in the papers relating to the financing.

The governing principle to the effect that the parol evidence rule is not applicable in the case before us is found in Restatement, Contracts § 241, as follows:

> "Oral Agreements That Writings Shall Not Become Binding Until a Future Event.
>
> "Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative if there is nothing in the writing inconsistent therewith."

Professor Williston states the rule in these words:

> "The parol evidence rule does not become applicable unless there is an integration of the agreement or contract, that is, unless the parties have assented to a certain writing or writings as the statement of the agreement or contract between them. Accordingly, it may be shown by parol evidence not only that a writing was never executed or delivered as a contract, or that the validity of the agreement was impaired by fraud, illegality, duress, mistake, insufficiency of consideration, or failure of consideration, rendering it void or voidable; but also (if the writing is unsealed) that the

parties agreed by parol that the writing in question should not become effective until some future day or the happening of some contingency, if this is not inconsistent with the express terms of the writing." 3 Williston, Contracts § 634.

See also 9 Wigmore, Evidence § 2410 (3d Ed.) ; 20 Am. Jur., Evidence § 1095; 32 C. J. S., Evidence §§ 935, 938.

The principle is well illustrated in *Rivard* v. *Casualty Company,* 116 Me. 46, 100 A. 101 (1917), in which it was held that an oral agreement whereby the plaintiff was given thirty days for approval of an insurance policy was not barred by the parol evidence rule. The court said, at page 48:

"The rule excluding parol evidence to contradict a written instrument is not infringed by the admission of evidence to show that the instrument was not delivered as a completed contract."

See *Kuhn* v. *Simmons,* 126 Me. 434, 139 A. 474 (1927), and *Reed* v. *Reed,* 117 Me. 281, 104 A. 227 (1918).

In *Allen* v. *Marciano,* 84 A. (2nd) (1951), the Rhode Island Court held that the purchaser, in an action to recover a binder payment on real estate, could show an oral agreement made before the written sales contract to the effect that the sale was dependent upon obtaining a G. I. loan.

In *Miner Rodelius Co.* v. *Lysen,* 277 N. W. 523 (1938), the Minnesota Court upheld the admission of evidence of oral understanding with reference to a written contract to purchase an automobile. The court said, at page 524: "From the facts here appearing it seems plain that there were representations made by plaintiff's agent, relied upon by defendant, that there was not to be a deal at all if within the time limited he should conclude not to go through with the trade."

As we have indicated, the evidence was sufficient to establish the oral agreement. It is not inconsistent with the

terms of the written order. The jury could properly consider such evidence and reach the conclusion therefrom, not that the written order was changed or altered, but that the written order never in fact became a completed contract between the parties.

The entry will be

*Exceptions overruled.*

*Motion for new trial denied.*